(No. 12072.—Judgment affirmed.)

MARSHALL FIELD & Co., Plaintiff in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(JAMES F. BISHOP, Admr.,
Defendant in Error.)

*Opinion filed October 21, 1918—Rehearing denied Dec. 5, 1918.*

1. WORKMEN'S COMPENSATION—*statutory definition of employee
is to be construed broadly.* The Workmen's Compensation act de-
fines an "employee" as "every person in the service of another un-
der any contract of hire, express or implied, oral or written," and
such definition is to be broadly construed.

2. SAME—*when driver of motor truck is an employee.* One who
reports for work as the driver of a motor truck under an agree-
ment that if he is competent to handle the truck he will be paid a
certain wage per week for a period of over three weeks, is an em-
ployee notwithstanding he was killed at the end of the first half-.
day of his work and before his name was on the pay-roll, where
the employee who was sent with him to observe his operation of the
truck and report on his competency testifies that he was competent
and that the witness would have so reported, and where the fore-
man who made the agreement admitted on the night of the accident
that there was half a day's pay due the deceased.

3. SAME—*when employment is not casual.* The employment of
a person to drive a motor truck from December 1 until December 24
for a mercantile establishment at a weekly wage is not a casual em-
ployment within the meaning of the Workmen's Compensation act.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

FRANK P. LEFFINGWELL, for plaintiff in error.

HINER, BUNCH & LATIMER, (DANIEL L. DONOVAN, of
counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error to review a judgment of the
circuit court of Cook county sustaining an award made un-
der the Workmen's Compensation act in favor of defend-
ant in error, James F. Bishop, administrator of the estate

of Ralph Woods Rice, who it is claimed was an employee of plaintiff in error and was killed by falling down an elevator shaft while engaged in his employment. The Industrial Board confirmed an award made by a committee of arbitration of $7.50 per week for a period of 416 weeks. The circuit court on writ of *certiorari* affirmed the act of the Industrial Board and certified the case was a proper one to be reviewed by this court, and the record has been brought to this court by writ of error.

Ralph Woods Rice, on Thursday or Friday prior to Monday morning, December 1, 1915, applied to plaintiff in error for employment. The application was made to William Yager, superintendent of plaintiff in error's garage, for a position as chauffeur to drive cars or trucks. Yager testified Rice represented himself to be competent and experienced, and Yager told him to report for duty Monday morning, December 1; that he would put him on and if he was capable of handling a car would keep him steadily until December 24, at $15 per week. Rice reported December 1, and Yager ordered the garage foreman, Hillen, to put Rice to work and to send an old employee with him to observe how he handled and operated the car. The garage foreman sent an old employee by the name of Fritz out with Rice. Rice drove the car. They went to a warehouse of plaintiff in error on Polk street and hauled a load of goods to another warehouse. They then returned to the Polk street warehouse, loaded fifteen cases of blankets on the truck and took them to the warehouse of the Hartman Furniture and Carpet Company, Rice driving the car. They arrived there about eleven in the morning and backed the truck up to the elevator to unload the cases of blankets. They unloaded four or five cases onto the elevator, which then ascended to unload the blankets. The elevator shaft door was left open and Rice and Fritz remained there to await the return of the elevator. It was a cold, windy day, and Fritz testified he stepped off the truck and around in

front of the radiator, waiting for the elevator to return. He heard a noise, and, supposing it was the elevator, went back to assist with the work of unloading, but found that the elevator had not returned and that Rice was missing. Fritz discovered him in the bottom of the elevator shaft. Fritz further testified that Rice was a competent chauffeur and that he would have so reported if the accident had not occurred.

Plaintiff in error, among other grounds for reversal, insists that the relation of employer and employee did not exist at the time of the accident; that if there was any employment of Rice it was but casual, and that there is no evidence that the accident arose out of and in the course of the employment. An "employee" is defined in our Workmen's Compensation act as "every person in the service of another under any contract of hire, express or implied, oral or written." This provision or definition is to be construed broadly. (*In re Donovan,* 217 Mass. 76.) In our judgment Rice must be held to have been an employee. His continued employment depended upon his ability to drive a car, and he was put to work with the understanding that if he was competent he would be continued in that employment. It is unimportant that his name had not been placed upon plaintiff in error's pay-roll. He was killed the first half day he worked and before any report had been made to Yager by Fritz as to his ability. Fritz testified Rice was capable, and, over objections, that he would have so reported. Yager testified he did not permit more than a day's trial to determine the competency of men to do that work. He further testified that if Rice had been reported competent he would have paid him $15 per week, (the wage agreed upon,) commencing the morning of the day Rice went to work. Yager called on Rice's mother the evening after the accident and admitted there was a half day's wages due her son. The evidence was sufficient to sustain the conclusion of the board that the accident arose out of and in

the course of Rice's employment. *Dictzen Co.* v. *Industrial Board,* 279 Ill. 11; *Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 id. 96.

The employment was not casual, within the meaning of that term as defined in *Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142, and *In re Gaynor,* 217 Mass. 86.

Finally, it is alleged the classification of occupations or employments made subject to the Workmen's Compensation act is arbitrary, not uniform in its operation and therefore unconstitutional. No valid reason why that is so is given in the argument in support of that contention and we know of none that could be urged.

The judgment is affirmed.          *Judgment affirmed.*