(No. 35640.—

HENRY COONTZ, d/b/a McLeansboro Nursing Home, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Stanley Allen, Defendant in Error.)

*Opinion filed May 18, 1960—Rehearing denied September 26, 1960.*

OEHMKE, DUNHAM & BOMAN, and THOMAS Q. O'-KEEFE, both of East St. Louis, for plaintiff in error.

LLOYD H. MELTON, L. M. HANCOCK, and HAROLD B. CULLEY, JR., all of Harrisburg, for defendant in error.

Mr. JUSTICE DAILY delivered the opinion of the court:

The sole issue in this cause is whether defendant in error, Stanley Allen, who was injured at the McLeansboro Nursing Home on May 5, 1957, was an employee of the home within the meaning of the Workmen's Compensation Act, (Ill. Rev. Stat. 1955, chap. 48, pars. 138.1-138.28) or an independent contractor. Both an arbitrator and the Industrial Commission found that an employer-employee relation existed and awarded Allen benefits in the amount of $37 per week for 22½ weeks of temporary disability, the order of the commission concluding with a finding that the award would not bar further compensation for either temporary or permanent disability. Upon *certiorari,* the decision of the commission was affirmed by the circuit court

of Hamilton County and we have granted a writ of error for further review.

Undisputed facts show that plaintiff in error, Henry Coontz, had for some time prior to May 5, 1957, operated the McLeansboro Nursing Home which was housed in a three-story structure that accommodated approximately 30 persons. A hand-operated elevator ran from the basement to the top floor and was used to transport food, equipment and non-ambulatory patients. The home was staffed with one registered nurse, five practical nurses and a cook, one of such employees being the wife of defendant in error. The defendant in error was regularly employed as an oil field worker and had never performed work for Coontz in any capacity. On the day in question, which was a Sunday, defendant in error came to the home in response to a telephone call from his wife and spliced a frayed elevator rope. After completing the splice, he raised the elevator to the second floor, where it became stuck, and upon going upstairs to locate the trouble was advised by his wife that the elevator often got stuck and that it could be freed by jumping up and down on it. When he did this, however, the elevator suddenly fell to the basement seriously injuring his right arm. It is agreed that at the time of the hearing before the commission, defendant in error was still under medical care, was unable to work, and had been disabled since the date of the injury.

Proof of the circumstances under which the task was undertaken is quite meager and is embodied in the testimony of defendant in error who stated his wife had called him to splice the rope at the request of Coontz, and that he met with the latter in the basement of the home at the foot of the elevator. When asked to describe their conversation defendant in error testified as follows on direct examination: "We talked about whether to put on a new rope or repair the old one. So we decided to repair the old

one." Describing the same conversation on cross-examination, he testified: "I asked him how he wanted it spliced, and I asked him if he wanted me to put on a new rope. He asked if I could splice the old rope, and I told him I thought I could, and he said go ahead and do that." When asked if Coontz was present when the work was performed, defendant in error replied: "He might have been there when I started, but he wasn't there when I completed it. He left right after I started it."

Further testifying, defendant in error stated there had been no agreement as to the method or amount of payment, and that on July 9, 1957, two months after the accident, he submitted a bill to Coontz for two hours work at the rate of $1.75 per hour, arriving at the figure because that was what he was "getting in the oil field for that kind of work." Coontz paid the bill and on July 11, 1957, defendant in error filed a claim for compensation which was heard by an arbitrator, the commission and the circuit court with the results heretofore described.

When previously confronted with similar issues, this court has consistently pointed out that there can be no inflexible rule which may be applied in all situations to determine whether one is an employee or an independent contractor, and have held that the answer in each instance depends upon the analysis of the facts of the particular case. (*Henry v. Industrial Com.* 412 Ill. 279; *Kijowski v. Times Publishing Corp.* 372 Ill. 311.) No single facet of the relationship between the parties is determinative, but many factors, such as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required in the work to be done, and the furnishing of tools, materials or equipment have evidentiary value and must be considered. (*Henn v. Industrial Com.* 3 Ill.2d 325.) Of these factors, the right to control the work is perhaps the most important single factor

in determining the relation, (*Crepps* v. *Industrial Com.* 402 Ill. 606,) inasmuch as an employee is at all times subject to the control and supervision of his employer, whereas an independent contractor represents the will of the owner only as to the result and not as to the means by which it was accomplished. *Immaculate Conception Church* v. *Industrial Com.* 395 Ill. 615; *Besse* v. *Industrial Com.* 336 Ill. 283; *Lawrence* v. *Industrial Com.* 391 Ill. 80.

Applying these principles to the facts of the present case, it is our opinion there is no reasonable basis for the conclusion that a relationship of employer-employee in fact existed between Coontz and defendant in error. Looking first to the task performed itself, it was quite apart from the regular business of Coontz and it is also apparent that defendant in error was summoned to the home because of his particular skill and experience in splicing heavy ropes. No particular tools or material were required for the task, thus the fact that none were furnished or used is of little probative value to the position of either party. Defendant in error was called upon to do a particular job and while it is true that Coontz did participate in a discussion and made a decision as to what the ultimate job would be, *i.e.*, splicing the rope or replacing it, the former was left alone to do the work in any manner he chose, being answerable to Coontz only as to the end result and not as to the means by which it was to be accomplished. Defendant in error had never worked for Coontz before, their relationship was to terminate at the conclusion of the job, and there was neither mention nor agreement as to the method or amount of compensation. It is true that defendant ultimately submitted a bill and was paid on an hourly basis, but when this circumstance is considered in light of its occurrence two months after the job was done and but two days before a claim for workmen's compensation was filed, we think it has extremely doubtful evidentiary value in resolving the status of the parties on the day the work

was performed. Under these facts, therefore, we are of the opinion that defendant in error was not an employee but an independent contractor.

For the reasons stated, the judgment of the circuit court of Hamilton County is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*