(No. 39153.—■■■■■■■■)

CLARENCE WATSON, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ILLINOIS FARM SUPPLY, INC., Appellant.)

*Opinion filed September 29, 1965.*

PRICE, NOETZEL & SCHLAGER, of Chicago, (HENRY D. NOETZEL, of counsel,) for appellant.

KELLSTEDT & YOUNG, of Peoria, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator of the Industrial Commission found that the claimant, Clarence Watson, had sustained an accidental injury on July 7, 1961, in the course of his employment with Illinois Farm Supply, Inc., appellant, and awarded him benefits under the Workmen's Compensation Act. The commission set aside the award. The award was reinstated by the circuit court of Peoria County, which found that the decision of the commission was against the manifest weight of the evidence. The respondent contends that it was reasonable for the commission to conclude on the basis of the evidence before it that the claimant's injuries were caused by a previous accident, which occurred on June 10, 1954, and resulted in a chip fracture to his heel bone, and that notice of the accident for which compensation is now claimed was not given within the 45-day period prescribed by the act.

The claimant had been employed by the respondent since 1952 as the driver of a tank truck carrying liquid fertilizer. He testified that at about 2:30 P.M. on July 7, 1961, he slipped while descending a ladder on the rear of his truck and fell a distance of four feet to the ground, landing on his left foot and buttocks. He felt pain and numbness in his leg, back and hip, but, after reclining on the ground for a few minutes, drove 25 miles to the terminal and serviced his truck, finishing work at 3:30 P.M. When he arrived home his wife contacted Dr. Reed, who had previously treated him. He was hospitalized that evening and treated by Dr. Reed for approximately two weeks. On August 7 or 8 he was referred to Dr. Hugh A. Cooper, Jr., an orthopedic specialist, because his condition had not improved. Dr. Cooper performed a laminectomy operation on August 25, in which he ascertained that claimant had an extruded nucleus pulposus. At the hearing before the arbitrator Dr. Cooper testified without contradiction that such a condition

required a traumatic incident involving severe pain, that it would have been impossible for the claimant to engage in his daily activities with that condition, and that he believed there was a causal connection between that condition and the injury on July 7.

In the latter part of July the claimant informed Whitlow, his immediate superior, that he wanted to make a claim for workmen's compensation, and Whitlow referred him to John Syler, who handled such matters. Syler filled in an employer's "report of injury" form, inserting the date "July 7, 1961," in a blank calling for the "Date of injury," and making the notation "Refer to Accident of June 10, 1954." The claimant testified that he told Syler about his fall on July 7, 1961. Syler denied this, stating they had only discussed the June 10th injury, and explained that he had inserted the date "July 7, 1961" in the form to indicate the last day appellee had worked. This explanation is difficult to accept, since the form contained a blank calling for the last day worked on the same line as the blank calling for the date of injury. The claimant's wife had also notified Whitlow of her husband's hospitalization, but she did not recall whether she discussed the July 7th accident with him. She also testified that she spoke to the plant superintendent in July and explained the July 7th accident to him. He did not recall whether the conversation was in July or August.

One week prior to the claimant's operation, an insurance adjuster visited him in the hospital and obtained a signed statement, which attributed his condition to the 1954 accident. The claimant testified that he was taking drugs and in pain when the statement was given; that the adjuster had caused his wife and parents to leave the room; that the adjuster had said he was there to help him; that he had signed at the adjuster's direction; that the statement did not contain everything he had told the adjuster; and that it was untrue insofar as it represented him as saying that he had

246

received no injury of any type after June 10, 1954. The adjuster did not appear as a witness either before the arbitrator or the commission to deny these charges.

The circuit court may set aside a decision of the Industrial Commission which is against the manifest weight of the evidence. (*United States Steel Corp.* v. *Industrial Com.* 8 Ill.2d 407; *Johnson & Johnson* v. *Industrial Com.* 32 Ill.2d 316.) Dr. Cooper's uncontradicted testimony clearly indicated that the claimant's condition could not have been the result of the 1954 accident. The statement taken by the insurance adjuster is readily explained by the circumstances under which it was obtained. The circuit court properly set aside the decision of the Industrial Commission.

In contending that it did not receive notice of the accident within the 45-day period required by section 6 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1961, chap. 48, par. 138.6(c),) the respondent relies exclusively upon *Fenix-Scisson Construction Co.* v. *Industrial Com.* 27 Ill.2d 324. In that case the evidence showed without dispute that the employer had no knowledge of the accident until after the 45-day period had expired. In the present case there can be little doubt that the respondent had notice within 45 days.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*