(No. 40288.—

ANDREW S. OROS *vs.* THE INDUSTRIAL COMMISSION *et al.*— (RANDALL CRAM d/b/a RANDY's HOUSE OF STEELE, Appellant.)

*Opinion filed May 18, 1967.—Rehearing denied September 27, 1967.*

PERZ AND McGUIRE, of Chicago, (FRANK M. PERZ, of counsel,) for appellant.

CHARLES A. SHERIDAN, of Waukegan, (WILLIAM J. SHERIDAN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Andrew S. Oros, a restaurant employee, filed application for benefits under the Workmen's Compensation Act. After hearing evidence the arbitrator granted an award but the Industrial Commission set it aside on the ground that the claimant had failed to prove he sustained an accidental injury. On review the circuit court of Lake County reinstated the award, finding that uncontested evidence established he did sustain an accidental injury arising out of and in the course of his employment. The employer, Randall Cram, d/b/a Randy's House of Steele, appeals directly to this court as authorized in these cases by Rule 302.

Claimant was employed as a kitchen helper. His compensation included room and board, the small house he occupied being at the rear of the premises. His duties included dishwashing, peeling potatoes, carrots and so on. He also carried out the garbage. The incident upon which the claim is based occurred on August 27, 1964, at about 10:30 P.M. At that time the claimant rolled a can of wet garbage weighing some 145 pounds over to the door, carried it down some steps and dragged it to a garbage disposal bin. There he lifted it up and emptied the contents into the bin. According to the claimant's testimony the fellow employee who worked with him was sick that night, and claimant had no help from him.

After carrying the empty can back inside, the claimant went home, took a shower and went to bed. He noticed nothing unusual about himself until he awakened some time during the night with a pain in the lower part of his back. He was late in getting to work the next day, and the chef noticed he came in limping and bent over. At the chef's directions he went back and lay down. He was given something to eat later in the day, and a doctor was called. The chef took him to the doctor's office, where an examination was made, and a few days later he was taken to a hospital.

A diagnosis was made of paralysis of the lower extremity and urinary retention. A spinal tap was made, and a myelogram disclosed a block in the spinal column indicating either a ruptured disc or a cord tumor. Exploratory surgery was undertaken and an operation performed in which a ruptured disc and part of the spinal column were removed. Upon his discharge from the hospital the claimant returned to his room at respondent's establishment. He bent down to pick up a small roll of rug and complained of sharp pain, whereupon he was rehospitalized for some two weeks or more.

The treating physician, to whom the claimant was taken by his employer, supervised the medical and surgical care. The doctor testified that when claimant was first brought in he related that he was lifting a can of wet garbage the day before, and while he was lifting it he experienced acute back pain. The witness expressed the opinion that a causal relation existed between the described incident and the claimant's condition, and that the loss of deep tendon reflexes and the sensory changes were permanent.

The only witnesses testifying were the claimant, the chef and the doctor, all on behalf of the claimant. No witnesses were called by or testified on behalf of the employer, nor was any evidence at all heard by the Commission itself. The matter was merely submitted on the record, with a request for oral argument.

To reverse the circuit court the employer argues that an accident arises by some definite event, of which the time, place, and cause can be fixed with certainty, and that the claimant failed to prove an accidental injury from lifting the can of garbage because he felt no pain until later. Also relied upon is impeachment of the doctor, who admitted on cross-examination that his original notes which he made when he first saw the claimant did not indicate any history of an accident.

We think that on this record the circuit court did not err in finding the decision of the Commission to be against

the manifest weight of the evidence. The claimant proved a back injury, of a kind which makes it difficult to pinpoint the exact time of damage. He testified to having performed a task which involves heavy physical strain. And he showed that only a few hours later he felt the first painful symptoms of what proved to be a very serious condition. No testimony or other kind of evidence was offered by the employer to deny or explain away what would be the natural inference, and there is nothing in the record to indicate a different cause of the disability. No history appears of some other accident or illness prior to the onset of pain and disability, nor is it necessary for the claimant to negate every other possible inference which may be drawn from the evidence. See *Urban* v. *Industrial Com.* 34 Ill.2d 159, 163.

We recognize, as the respondent points out, that the question whether an injury arose out of the employment is usually one of fact for the Industrial Commission to decide and that its finding will not ordinarily be disturbed on judicial review. But the court nevertheless will weigh and consider the evidence to determine whether the decision is against its manifest weight. If such proves to be the case the reviewing court has the duty to set the decision aside. (*Johnson & Johnson* v. *Industrial Com.*, 32 Ill.2d 316; *Watson* v. *Industrial Com.*, 33 Ill.2d 243.) And where a decision of the Industrial Commission setting aside the arbitrator's award is against the manifest weight of the evidence the circuit court may rely upon the arbitrator's findings and reinstate the award. (*Hendren* v. *Industrial Com.*, 19 Ill.2d 44.) In the case cited the Commission set aside the arbitrator's award on the ground that the claimant, despite his testimony to that effect, had failed to establish a causal connection. The employer, as here, had offered no evidence, and the record contained no conflicting testimony as to the claimant's condition or its cause. The circuit court set aside the order of the Industrial Commission and reinstated the

award of the arbitrator. This court affirmed, pointing out that while the arbitrator's findings are not binding on the Commission, which has original jurisdiction of cases brought before it on review, the arbitrator's decision is not without legal effect and can provide the basis for entry of a judgment by the circuit court. A similar conclusion must follow here.

The judgment of the circuit court of Lake County was correct and is affirmed.

*Judgment affirmed.*