(No. 41722.—

HOLIDAY INNS OF AMERICA, Appellant, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(Dorothy B. Wood, Ap-
pellee.)

*Opinion filed May 28, 1969.—Rehearing denied September 23, 1969.*

BRODY & GORE, of Chicago, for appellant.

MANN & RIFKEN, of Chicago, (HEROLD L. RIFKEN
and WILLIAM J. HART, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

The sole issue presented by this Workmen's Compensa-
tion case is whether an award of compensation by the arbi-
trator, affirmed by the Industrial Commission and confirmed
by the circuit court is contrary to the manifest weight of
the evidence.

No useful purpose would be served by a detailed recita-
tion of the factual situation. Suffice it to say that it is un-
disputed that claimant Dorothy B. Wood was employed by
Holiday Inns of America as a chief telephone operator, and
that on June 9, 1966, she tripped over an adding machine

cord in the office and "flew" across the room, striking her left side against a projecting corner of the wall. She testified that a fellow employee tried to break her fall before she hit the wall by grasping her shoulders; that this action resulted in twisting her body; and that she felt immediate pain in her back, hips and legs. She reported the accident and finished the day's work although the pain continued. Mrs. Wood saw the employer's doctor the following day, was eventually hospitalized and underwent back surgery in August and again the following March, including a laminectomy and spinal fusion. She was still hospitalized at the time of the hearing before the arbitrator.

The evidence also established that Mrs. Wood had been injured in an auto accident some 15 years previously as a result of which 3 laminectomies had been performed on her back, and she had worn a back brace for about 2 years thereafter. She testified she had experienced no pain since 1956. A second auto accident in 1960 resulted in some head and facial injuries. It is the employer's theory that much of the condition for which compensation was now awarded originated from the auto accidents rather than the June 9, 1966, incident.

We agree with claimant that the Commission's findings may not fairly be said to be contrary to the manifest weight of the evidence. Two orthopedic surgeons testified. Dr. Johnson, claimant's apparently well qualified treating neurological surgeon, stated his opinion that a causal connection might or could exist between the June 9 accident and the subsequent ill-being. Dr. Pease, the employer's orthopedic surgeon, also apparently well qualified, examined claimant once for several hours, took 4 X rays and in response to a hypothetical question gave his opinion that there was no causal connection between the June 9 episode and the subsequent surgery.

In our judgment resolution of this conflicting medical testimony is peculiarly within the Commission's province.

(*American Smelting and Refining Corp.* v. *Industrial Com.*, 13 Ill.2d 275; *Inland Steel Co.* v. *Industrial Com.*, 18 Ill.2d 70.) It might properly, and apparently did, attach greater weight to the opinion of the treating surgeon who had examined Mrs. Wood, operated upon her twice and subsequently treated her. (See *Dornblaser* v. *Industrial Com.*, 349 Ill. 61, 68-70; *Western Electric Co.* v. *Industrial Com.*, 349 Ill. 139, 145-6.) We have repeatedly held that it is for the Commission to resolve disputed factual questions and determine where the preponderance of the evidence lies, and that we will not substitute our judgment unless theirs is contrary to the manifest weight of the evidence. (*Avis Hotel* v. *Industrial Com.*, 41 Ill.2d 54, 58; *Guardian Electric Mfg. Co.* v. *Industrial Com.*, 40 Ill.2d 518, 521; *Shell Oil Co.* v. *Industrial Com.*, 38 Ill.2d 286, 288.) Such is not the case here.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*