(No. 43375.—

HERSCHEL O'BRIEN, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EDWARD H. BUELTEL, d/b/a B-LINE TRANSFER, Appellant.)

*Opinion filed April 1, 1971.—Rehearing denied May 26, 1971.*

KLUCZYNSKI, J., and UNDERWOOD, C.J., dissenting.

KATZ, MCANDREWS, DURKEE & TELLEEN, of Rock Island, (C. C. MCANDREWS and STUART R. LEFSTEIN, of counsel,) for appellant.

DAVID E. MURRAY and OLE BLY PACE, III, both of WARD, WARD, CASTENDYCK, MURRAY & PACE, of Sterling, for appellee.

Mr. JUSTICE RYAN delivered the opinion of the court:

The arbitrator awarded the petitioner compensation under the Workmen's Compensation Act. The Commission

reversed the decision of the arbitrator. On *certiorari* the circuit court of Lee County reversed the decision of the Commission and reinstated the arbitrator's award. This is an appeal from the judgment of that court. (Ill. Rev. Stat. 1969, ch. 48, par. 138.19(f)(2).) The sole question presented is whether an employer-employee relationship existed between respondent and petitioner at the time of the injury.

Herschel O'Brien (petitioner), owned and operated a gasoline station. He resided in a mobile home 100 to 150 yards south of this station. A State of Illinois truck weigh scale was located across the highway from his station. On July 7, 1965, at approximately 12:30 A.M., a tractor-trailer combination, owned by respondent, Edward H. Bueltel, doing business as B-Line Transfer (B-Line), loaded with a cargo of coils of steel, which were separated into groups of three or four and bound together by bands, was found to be overweight on a rear axle when it was weighed at the scale. The driver of the truck was Charles White, an employee of B-Line. White determined that it was necessary to move part of the load forward toward the front axle. Because of the weight and size of the steel coils, White was unable to move them by himself and he inquired of an employee at petitioner's station as to the availability of anyone who could assist him. The employee advised White that he could not help because he was busy at the station. He stated, however, that he would ask petitioner to assist. White asked what the charge for this service would be and the reply was, "It depends on how long it takes, anywhere from $5.00 to $10.00." White then requested that he ask petitioner to help. The employee walked to petitioner's home, awakened him and advised him of White's request. Petitioner dressed and came to the station. White told petitioner the problem and they went to the truck which was parked in back of petitioner's station. White showed petitioner the location of the overweight and the coils which had to be moved. White testified before the arbitrator that petitioner suggested

cutting the bands around the steel coils to facilitate moving them. White stated he thought it was a good idea, and the bands were cut with a hammer and chisel. The evidence is not clear as to the ownership of the implements used in cutting the bands. However, White testified that the hammer might have been his. After the bands were cut, both men attempted to turn one of the coils of steel and in so doing, it upset on petitioner's leg resulting in injury to him.

Respondent, Bueltel, testified that the truck was leased to another company for this particular haul and that the driver, White, had authority to and did, in fact, sign the lease agreement on behalf of B-Line for this trip. Any expense incurred as a result of trouble with the equipment on the haul would have been paid by B-Line. The driver was paid by B-Line and if he would have paid petitioner for assisting him in moving the steel coils, B-Line would have reimbursed him. Petitioner was never paid anything for assisting White in moving the steel coils. The injury interrupted the completion of the job and any negotiations regarding payment. The arbitrator found that at the time of petitioner's injury the relationship of employee and employer existed between petitioner and respondent and awarded compensation to petitioner.

At the hearing before the Commission on review, petitioner testified that on three or four occasions prior to the date of injury, he, or some of his employees had helped truckers shift loads. He further testified that compensation paid therefor went to the station if the one who did the work was on duty at the station and went directly to the one who did the work if he was off duty. Petitioner also testified that he expected to be paid by White at the rate of about $3.00 per hour. The Commission in reversing the decision of the arbitrator specifically found that the relationship of employee and employer did not exist between petitioner and respondent. On *certiorari*, the circuit court of Lee County reversed the decision of the Commission and found that the

relationship of employee-employer did exist and reinstated the award of the arbitrator.

The question whether a person is an independent contractor or an employee in any given instance, is one of the most vexatious and difficult to determine in the law of compensation. (1957 Ill. Law Forum 185.) This complexity arises not by reason of the rule of law involved in making this determination, but rather because of the varying nature of the factual situations presented. No rule has been adopted by this court to be applied to the facts of all cases. *Henry* v. *Industrial Com.*, 412 Ill. 279.

This court has often held that the right to control the manner of doing the work is probably the most important single consideration in determining whether the relationship is that of an employee or an independent contractor. (*Coontz* v. *Industrial Com.*, 19 Ill.2d 574; *Crepps* v. *Industrial Com.*, 402 Ill. 606; *Henry* v. *Industrial Com.*, 412 Ill. 279; *Immaculate Conception Church* v. *Industrial Com.*, 395 Ill. 615.) Other factors, such as whether compensation is on a time basis or by the job, the right to discharge, and the furnishing of materials, equipment or tools, are all to be taken into consideration. (*Henn* v. *Industrial Com.*, 3 Ill.2d 325; *Henry* v. *Industrial Com.*, 412 Ill. 279; *Lawrence* v. *Industrial Com.*, 391 Ill. 80.) The length of time that a person is employed is immaterial. *Van Watermeullen* v. *Industrial Com.*, 343 Ill. 73; *Marshall Field & Co.* v. *Industrial Com.*, 285 Ill. 333.

In applying the foregoing to the facts of this case it is our opinion that the finding of the Commission is against the manifest weight of the evidence and the circuit court properly reversed the same and reinstated the award of the arbitrator. (*Oros* v. *Industrial Com.*, 37 Ill.2d 568.) The bases for this conclusion are apparent from the facts involved in this case. Respondent's employee, Charles White, had authority to hire petitioner to assist him with the moving of the steel coils. If petitioner would have been paid,

payment would have been made by White who in turn would have been reimbursed by B-Line. White directed petitioner as to the placement of the coils and the manner in which they were to be moved. The petitioner's suggestion regarding the cutting of the bands to expedite the movement was only a suggestion and did not indicate control of the method of performing the work. White did not point out to petitioner the problem confronting him and then depart so as to allow petitioner to complete the task by means of petitioner's own initiative, as was the situation in the case of *Coontz* v. *Industrial Com.,* 19 Ill.2d 574, cited by respondent. White stayed with petitioner to direct the work. Although the ownership of the tools used in cutting the bands is uncertain, White did testify that the hammer used "might have been my hammer."

All of the above facts give strong support to the finding of the arbitrator and are so persuasive under the principles of law above summarized that we are compelled to hold the finding of the Commission against the manifest weight of the evidence. The judgment of the circuit court of Lee County is affirmed.                    *Judgment affirmed.*

Mr. JUSTICE KLUCZYNSKI, dissenting:

In my judgment the Commission's finding, that there was no employer-employee relationship established by the evidence in this case, is not against the manifest weight of the evidence and I would affirm its decision.

The majority opinion admits that the question here involved is one of the most vexatious and difficult to determine in the law of compensation, and that no rule has been adopted by this court applicable to the facts of all cases. We have consistently emphasized that the determination of the question whether the petitioner was an employee or an independent contractor depends, in each instance, upon an analysis and evaluation of the circumstances of the particular case. *Henry* v. *Industrial Com.,* 412 Ill. 279, 283.

The circumstances here sufficiently support the finding that no employer-employee relationship was established by the petitioner upon whom this burden rests.

If undisputed facts upon any issue permit more than one reasonable inference to be drawn therefrom, the determination of the issue presents a question of fact and the conclusion of the Commission in deciding the question will not be disturbed upon review. Only if the undisputed facts are susceptible of but a single inference can the question be characterized as one of law. (See *Henry*, p. 284.) I am not persuaded that the facts here are susceptible of the one interpretation or single inference that the petitioner was the employee of the respondent. What the majority and the circuit court did was to substitute their determination for that of the Commission. This is contrary to our long established and repeated holding that we will not substitute our judgment for the decision of the Industrial Commission, unless that decision is contrary to the manifest weight of the evidence. *Holiday Inns of America* v. *Industrial Com.*, 43 Ill.2d 88, 90.

Mr. CHIEF JUSTICE UNDERWOOD joins in this dissent.