(No. 44365.—)

MARSHALL BAUER AND LOUIS BAUER d/b/a FATHER & SON PIZZERIA, Appellees, v. THE INDUSTRIAL COMMISSION *et al.*—(Wayne Sauer, ·Appellant.)

*Opinion filed March 30, 1972.*

GOLDENHERSH, J., dissenting.

ARTHUR R. MUSSCHOTT, of Chicago (JAMES W. WOMACK and ANDREW A. GALICH, of counsel), for appellant.

HAROLD GINSBURG and VAN DUZER, GERSHON, JORDAN & PETERSEN, all of Chicago, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County reversing an award of compensation granted by the arbitrator and affirmed by the Industrial Commission. The sole issue is whether the Commission's determination that an employer-employee relationship

existed between claimant and respondents was contrary to the manifest weight of the evidence.

Claimant, Wayne Sauer, who was employed full time as a truck driver, respondent to a newspaper advertisement in which respondents, Father & Son Pizzeria, sought part-time delivery men. He answered the ad and discussed the job with Danny Skweres, the route manager who requested that claimant fill out a card stating his name, address, phone number, place of employment, and make of his car. Later that evening, claimant accompanied another driver in order to observe the delivery procedures.

Claimant then signed a document referred to as a "Delivery Contract" which all respondents' drivers were required to sign. The document provided that claimant, as an independent contractor, would be paid fifty cents for each delivery; that he was to secure personal liability insurance on his auto for business purposes and that he would hold plaintiffs harmless on any claims arising out of his delivery agreement. The contract further stated "the contractor *** will *** be free from control or direction over the performance of his delivery service *** and shall be deemed *** an independent contractor."

Skweres testified that delivery items were placed in a heated cart and arranged according to delivery areas. A driver would be given the delivery orders according to a number taken when he reported for work, but he could refuse to deliver an order. When a group of orders had been accumulated, the driver would make deliveries following any route he chose. If a driver was unable to deliver a particular order, he was required to call respondents for instructions. At the end of an evening, he would give the money he collected to the cashier and retain his fifty-cent per delivery charge.

Further testimony showed that the names of drivers were on two lists. One, consisting of 60 names, was a roster of regular drivers. The second list contained the

names of 40 drivers who were called when other drivers did not report. Each evening 15 to 20 drivers would report for assignments and, if more were needed, Skweres would contact drivers on either list. There was no penalty for failure to report for work. No Federal income tax, unemployment compensation, or social security tax was withheld from the amounts paid the drivers.

Claimant reported for work on December 27, 1966, and when he was returning from a delivery in the early morning hours of December 28, his car was struck by a hit-and-run driver causing claimant serious injury. Claimant testified that Skweres visited him in the hospital and then asked him to sign "a paper" stating he was an independent contractor; however, the paper was never signed. Claimant filed a claim under the Illinois Workmen's Compensation Act (Ill.Rev.Stat. 1967, ch. 48, par. 138.1 *et seq.*) and the arbitrator, after hearing evidence, awarded compensation to claimant. On review, the Commission, with the chairman dissenting, affirmed the award, but on *certiorari* the circuit court reversed, holding that claimant was an independent contractor.

A threshold inquiry to be made in any claim arising under the Workmen's Compensation Act is whether the claimant is an employee or an independent contractor. There can be no hard and fast rule for making such a determination and the facts of each case are the only guides. *O'Brien v. Industrial Com. (1971), 48 Ill.2d 304; Henry v. Industrial Com. (1952), 412 Ill. 279.*

As we stated in *Coontz v. Industrial Com. (1960), 19 Ill.2d 574, 577-578:* "No single facet of the relationship between the parties is determinative, but many factors, such as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required in the work to be done, and the furnishing of tools, materials or equipment have evidentiary value and must be considered. *(Henn v. Industrial Com., 3 Ill.2d*

*325.)* Of these factors, the right to control the work is perhaps the most important single factor in determining the relation *(Crepps v. Industrial Com., 402 Ill. 606)*, inasmuch as an employee is at all times subject to the control and supervision of his employer, whereas an independent contractor represents the will of the owner only as to the result and not as to the means by which it was accomplished. *Immaculate Conception Church v. Industrial Com., 395 Ill. 615; Besse v. Industrial Com., 336 Ill. 283; Lawrence v. Industrial Com., 391 Ill. 80."* See also, *O'Brien v. Industrial Com. (1971), 48 Ill.2d 304.*

In applying these principles to the facts before us, we find that claimant was an independent contractor. Respondents exercised no control over claimant and, contractually, were denied the right to exercise control. Respondents required only that their products be delivered as rapidly as possible and the drivers were free to choose any route they desired in order to fulfill this requirement. We further note that each driver was paid according to the number of deliveries he made. Claimant had to supply his own car with equipment to keep the food warm as well as pay his own expenses which included automobile insurance with extended coverage for business usage.

Although we recognize that the Commission's determination of the employment relationship will not be disturbed where it is based on evidence capable of supporting conflicting inferences *(Greenberg v. Industrial Com. (1961), 23 Ill.2d 106)*, the court will reverse a Commission's decision when it is contrary to the manifest weight of the evidence. *(O'Brien v. Industrial Com. (1971), 48 Ill.2d 304; Oros v. Industrial Com. (1967), 37 Ill.2d 568.)* In the present case, the evidence clearly indicates that claimant was an independent contractor, and, therefore, not within the coverage of the Act. Thus the circuit court properly reversed the Commission's decision.

*Judgment affirmed.*

MR. JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent from the majority opinion and would reverse the judgment. In my opinion the contractual provision upon which the decision is apparently based is a sham and subterfuge designed to achieve the exact result here obtained.

In *VanWatermeulen v. Industrial Com., 343 Ill. 73,* in rejecting the contention that the claimant was an independent contractor and not an employee, the court at page 77 said: "One of the principal factors which determine whether a worker is an employee or an independent worker is the matter of the right to control the manner of doing the work—not the actual exercise of that right. *(Cinofsky v. Industrial Com., 290 Ill. 521.)* The length of time deceased had been employed is immaterial. *(Field & Co. v. Industrial Com., 285 Ill. 333.)* The work may be such that very little supervision is necessary. The fact that payment is made by the piece or job is not necessarily controlling. *(Franklin Coal Co. v. Industrial Com., 296 Ill. 329.)"*

The testimony shows that the respondent here had, and exercised control over the manner in which the delivery of its products was effected. Admittedly, the degree of supervision was not great once the food left the employer's establishment but it is difficult to envision that the delivery of pizzas and french fried potatoes is so complex an activity as to require much superintendence.

The testimony shows that Sauer was instructed to supply a blanket in which to wrap the boxes so as to keep them warm. Skweres sorted the orders and "made the routes up." He, Skweres, determined in what area Sauer was to make the deliveries and arranged the "tickets" in the order in which he wanted the packages delivered. To hold that the employer controlled only the result and not the means of its achievement is to ignore the evidence and the findings of the arbitrator and the Industrial Commission.