26 Ill. App.3d 217 (1975)
325 N.E.2d 1
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,
v.
JAMES D. STAFF et al., Defendants.  (STEPHEN H. KAZIMIR, JR., Defendant-Appellant.)
No. 12448.
Illinois Appellate Court  Fourth District.
March 12, 1975.
*218 Robert Weiner and Michael J. Costello, both of Springfield, for appellant.
Heckenkamp and Fuiten, of Springfield, for appellee.
Judgment affirmed.
Mr. JUSTICE CRAVEN delivered the opinion of the court:
State Farm Mutual Automobile Insurance Company sought a declaratory judgment holding that the terms of an insurance policy issued by it to James Staff created no obligation to provide a defense for or indemnify either Staff or Stephen Kazimir in a suit brought against them by the administrator of the estate of Edward Newman. The trial court found *219 for State Farm as to Staff and Kazimir. Defendant Kazimir appeals the judgment order declaring that State Farm has no obligation or duty to defend or indemnify Staff.
As the result of a fatal truck accident on September 12, 1966, a wrongful death action was filed in the circuit court of Sangamon County against the driver of the truck, Stephen Kazimir, and the owner of the truck, James Staff. Kazimir instituted a negligence action against Staff, d/b/a J & S Floor Covering Company, for injuries sustained in the accident. Staff was insured by a policy issued by State Farm Mutual Automobile Insurance Company. This appeal involves State Farm's declaratory judgment action for determination of its rights and duties under that policy.
The policy contains the following:
"This insurance does not apply under:
* * *
(g) coverage A, except as to the named insured and his spouse, if a resident of the same household, to any employee with respect to bodily injury or another employee of the same employer injured in the course of such employment arising out of the maintenance or use of an automobile in the business of such employer;
(h) coverage A, (1) to bodily injury to an employee of the insured arising out of and in the course of (i) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (ii) other employment by the insured; or (2) to any obligation for which the insured or his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;"
The trial court held that Kazimir and Edward Newman were employees of James Staff on the date of the accident for the purpose of carriage, loading, unloading and distribution of commodities, and that the accident occurred in the course of this employment. The court also held that Kazimir and Newman were covered by the provisions of the Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, ¶ 138.1 et seq.) at the time of the accident. Therefore, Newman and Kazimir were subject to the exclusions of plaintiff's insurance policy and not entitled to any of the benefits, protection or coverage provided by that policy.
Defendant Kazimir, then recently discharged from the United States Navy and unemployed, was approached by Jerry Lavigne and told of great earning potential in selling vinyl floor coverings. Lavigne indicated that he worked for James Staff, d/b/a J & S Floor Covering Company. Lavigne told Kazimir that Staff would teach him how to sell these floor coverings for expenses plus commissions. Lavigne indicated that Staff *220 conducted his business in the manner of a peddler. Although Staff maintained a warehouse in Springfield, Illinois, most selling was done from loaded trucks at the customers' places of business. The trucks would be loaded, and the selling party would set out in a particular direction at the begining of a week and continue until all the goods were sold. Staff took care of meals and accommodations. Kazimir expressed interest in the job, and was told by Lavigne where to report on the following Monday morning. Although Lavigne directed some of the business operations, Staff was in control.
On the designated Monday morning, Kazimir reported to Staff's warehouse. There Kazimir met Staff and Edward Newman. Newman and Kazimir assisted in preparing the rolls of vinyl floor covering and boxes of glue for transport. These were loaded onto the two trucks to be used in that week's business. After the trucks were loaded, the parties started in the general direction of Kansas City. Kazimir was driving one truck with Newman as his passenger. Near New Berlin, Illinois, that truck veered off the highway and struck a pole. Newman was killed in this accident and Kazimir suffered injuries. The Newman wrongful death action and the Kazimir negligence action arose from this accident.
Staff and Kazimir both testified they understood that Kazimir would train as a salesman on an expenses-plus-commissions basis. They differ in their understanding of the financial arrangement during the initial training period, however. Staff testified he had expected to pay Kazimir for the work he did during the initial period, even though he expected him to make no sales. No exact amount had been agreed upon according to Staff. Kazimir testified he believed he was working only for expenses and commissions with no minimum amount guaranteed.
Defendant Staff gave all orders as to how, where, and to whom sales pitches would be made. He testified he could and would have discharged Kazimir after a trial period if the latter had not been successful as a salesman. All materials necessary for the work as well as accommodations and meals were furnished by Staff. Staff owned the floor-covering materials which were to be sold, none of these being consigned to either Kazimir or Newman.
Kazimir contends he was an independent contractor, not an employee. Staff's payroll consisted of himself, his wife, and one Harvey Miller, a warehouse worker. Defendant Staff had no workmen's compensation insurance in effect nor had he elected Workmen's Compensation Act coverage for his employees.
The trial court found the two above-quoted clauses of the insurance policy issued by State Farm excluded coverage. We agree. Bodily injury liability (coverage A) is not provided under exclusion (g) where *221 the injured party is an employee injured by another employee of the same employer while using an automobile in the business of the employer.
 1-5 The trial court's finding that Kazimir and Newman were employees of defendant Staff is not contrary to the manifest weight of the evidence. In O'Brien v. Industrial Com., 48 Ill.2d 304, 269 N.E.2d 471, the supreme court set forth the following standards to be used in determining whether a person is an employee or an independent contractor:
"The question whether a person is an independent contractor or an employee in any given instance, is one of the most vexatious and difficult to determine in the law of compensation. (1957 Ill. Law Forum 185.) This complexity arises not by reason of the rule of law involved in making this determination, but rather because of the varying nature of the factual situations presented. No rule has been adopted by this court to be applied to the facts of all cases. Henry v. Industrial Com., 412 Ill. 279.
This court has often held that the right to control the manner of doing the work is probably the most important single consideration in determining whether the relationship is that of an employee or an independent contractor. (Coontz v. Industrial Com., 19 Ill.2d 274; Crepps v. Industrial Com., 402 Ill. 606; Henry v. Industrial Com., 412 Ill. 279; Immaculate Conception Church v. Industrial Com., 395 Ill. 615.) Other factors, such as whether compensation is on a time basis or by the job, the right to discharge, and the furnishing of materials, equipment or tools, are all to be taken into consideration. (Henn v. Industrial Com., 3 Ill.2d 325; Henry v. Industrial Com., 412 Ill. 279; Lawrence v. Industrial Com., 391 Ill. 80.) The length of time that a person is employed is immaterial. Van Watermeullen v. Industrial Com., 343 Ill. 73; Marshall Field & Co. v. Industrial Com., 285 Ill. 333." (48 Ill.2d 304, 307, 269 N.E.2d 471, 473.)
It is the right to control and not the exercise of control that is relevant. (Darner v. Colby, 375 Ill. 558, 31 N.E.2d 950.) An independent contractor, as opposed to an employee, is one who undertakes to produce a given result without being controlled in any way as to the method to be used. (Hartley v. Red Ball Transit Co., 344 Ill. 534, 176 N.E. 751; Dumas v. Lloyd, 6 Ill. App.3d 1026, 286 N.E.2d 566.) When the evidence is in conflict or different inferences can be drawn from it, the resolution of the question is one for the finder of fact. Gundich v. Emerson-Comstock Co., 21 Ill.2d 117, 171 N.E.2d 60.
In Mastercraft Co. v. Industrial Com., 58 Ill.2d 155, 317 N.E.2d 522, *222 the petitioner was paid on a "piece work" basis measured by how much aluminum siding he sold. Some of the tools he used were owned by him and some by his employer. On occasion he hired assistants and paid them out of his own pocket. These facts did not preclude the Industrial Commission from finding petitioner to be an employee instead of an independent contractor. Its determination was sustained by the Illinois Supreme Court. In the present case, the only evidence favoring a determination that Kazimir was an independent contractor, rather than an employee, was his stated belief that his compensation depended solely upon commissions. Even if the trial court had accepted this as being true, the Mastercraft decision would indicate the finding that Kazimir was an employee should not be reversed.
The trial court also found Kazimir and Newman to be employees subject to the provisions of the Workmen's Compensation Act at the time of their accident. Subparagraph (h) of the exclusion clauses covered employees protected under that Act.
Automatic application of the Workmen's Compensation Act is provided to certain business declared to be extrahazardous. (Ill. Rev. Stat. 1967, ch. 48, ¶ 138.3.) Subsection 3 of section 3 of the Act provides automatic application for:
"3. Carriage by land, water or aerial service and loading or unloading in connection therewith, including the distribution of any commodity by horsedrawn or motor vehicle where the employer employs more than 2 employees in the enterprise or business, except as provided in sub-paragraph 15 of this Section."
The exceptions in subsection 15 are not applicable here.
Although defendant Staff maintained a warehouse at which some business transactions occurred, his principal business was that of a peddler of vinyl floor coverings and installation materials. Delivery of these floor coverings was a definite part of the business. If transportation is merely incidental to the overall business, then the business does not come within the "carriage by land" provision (par. 138.3(3)). However, if the transportation is essential to the business and a continuous part of it, it cannot be considered to be incidental. (Pulliam v. Industrial Com., 43 Ill.2d 364, 253 N.E.2d 448.) Defendant Staff's business was the distribution of commodities as opposed to his merely being a carrier.
 6 As distribution of commodities was involved in Staff's business, workmen's compensation coverage depended upon the employer employing more than two employees in the enterprise or business. (Stevens v. Illinois Central R.R. Co., 306 Ill. 370, 137 N.E. 859.) The trial court determined that Kazimir and Newman were employees. Disregarding the status of either defendant Staff or his wife, three employees were *223 involved in the business. It was not disputed that Harvey Miller was an employee. Miller combined with Newman and Kazimir number more than two employees; therefore, workmen's compensation coverage is mandated by the quoted statutory provision.
The judgment of the circuit court of Sangamon County is affirmed.
Judgment affirmed.
SIMKINS, P.J., and TRAPP, J., concur.