GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Plaintiff-Appellant, *v.* THE PROFESSIONAL GOLFERS ASSOCIATION OF AMERICA *et al.*, Defendants-Appellees.

Fifth District   No. 75-517

Opinion filed July 27, 1976.

Heyl, Royster, Voelker & Allen, of Springfield (Gary L. Borah and Gary M. Peplow, of counsel), for appellant.

Miley & Meyer, of Taylorville (William J. Meyer, Jr., and Daniel W. Austin, of counsel), for appellees Bradley Martin and Sharon Martin.

Gillespie, Burke & Gillespie, P. C., of Springfield (Patrick J. Cadigan, of counsel), for appellee Taylorville Community Pleasure Driveway District.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff-appellant, General Accident and Life Assurance Corporation, Ltd. (hereinafter General Accident), brought an action for declaratory judgment in the Circuit Court of Christian County seeking a determination that it not be required to defend or indemnify defendant-appellee, Gerald Hall, under a policy of general liability insurance issued to him through the Professional Golfers Association of America on account of injuries received by defendant-appellee, Bradley Martin. General Accident appeals from a judgment holding the policy in force and effect.

The insurance policy in question provides certain coverage to members of the Professional Golfers Association. Gerald Hall, a professional golfer employed by the defendant-appellee Taylorville Community Pleasure Driveway District (hereinafter District), a municipal corporation, is an insured member afforded coverage under the policy. The issue presented for review concerns the applicability of a policy exclusion as to "bodily

injury to any employee of the insured arising out of and in the course of his employment by the insured." The lower court determined this exclusion inapplicable, and the issue presented for review is whether the judgment of the lower court is against the manifest weight of the evidence. Also assigned as error are certain rulings of the trial court on the admission of evidence.

On June 15, 1973, Bradley Martin, age 13, was present at the golf course owned by the District to participate in junior golf league play. Gerald Hall, the golf professional employed by the District, asked a group of boys including Martin if one of them wished to retrieve or "shag" golf balls to be hit during a golf lesson Hall was to give. Martin agreed to do so. There was no conversation regarding compensation at the time. Hall testified that Martin would be compensated in some manner, "either through golf instructions or money or hot dogs or whatever." During the course of the lesson, a golf ball struck by Hall hit Martin in the eye. Martin instituted an action for damages for the injury to his eye, naming as defendants Hall and the District.

It is General Accident's position that Martin was an employee of Hall at the time of the accident and that the employee exclusion of its policy is applicable to the occurrence. The defendants argue that Martin was either an independent contractor or volunteer, and was not an employee within the meaning of the policy of insurance.

The exclusion in question is commonly referred to as the workmen's compensation exclusion. It is a standard provision of liability policies. Its purpose is to distinguish an employer's liability to his employees from liability to the general public, since the extent of the employer's liability to his employees is as provided by workmen's compensation statutes. It would be costly and redundant to insure against liability to employees under general liability policies of insurance.

■■ We are directed to cases involving an application of the Workmen's Compensation Act to determine whether Martin was an employee of Hall at the time of occurrence. In *O'Brien v. Industrial Com.*, 48 Ill. 2d 304, 269 N.E.2d 471 (1971), the court observed that the determination of a person's status as an employee or independent contractor "is one of the most vexatious and difficult to determine in the law of compensation" (48 Ill. 2d 304, 307, 269 N.E.2d 471, 472). The court reviewed the customary tests of master-servant, that is, right to control the manner of doing the work; manner of payment of compensation; right to discharge; and furnishing of material, equipment or tools. Applying these tests to the instant facts, appellant argues that Martin was an employee of Hall and the contrary decision below was against the manifest weight of the evidence. Specifically, support can be found in the record that Hall had the right to control the manner in which Martin was

to pick up the golf balls as the ball that struck Martin was intended as a signal to position him farther back on the practice range; that equipment, a bag and golf cart, was furnished Martin by Hall; that Martin was to be compensated in some manner as he had been compensated in the past for doing the same work, which required little skill or judgment; and that the record, while silent, supports the clear inference that Hall had the right to discharge Martin.

Appellees argue that the facts, which are not in substantial dispute, support with greater force the trial court's finding that Martin was not an employee. There was no evidence of any agreement as to compensation. Hall sometimes gave instruction or food to the boys who "shagged" golf balls, but there was no express understanding as to compensation. While the chore was a simple one, Martin was not instructed or directed in the manner of performing the task, and he was hired to produce a result, *viz.*, to pick up the golf balls; no control was exercised over him, and the ball that struck him was not directing him in the manner of performing the work but was simply a signal for him to back up since balls were to be driven farther down range. No equipment other than a bag in which to place balls as picked up was required to perform the task.

■■ In determining whether a person is an employee for purposes of workmen's compensation under the Act (Ill. Rev. Stat. 1973, ch. 48, pars. 138.1 *et seq.*), the courts have consistently stated that the act being remedial, it is to be liberally construed in applying its provisions. (See, *e.g., Fisher Body Division, General Motors Corp. v. Industrial Commission,* 20 Ill. 2d 538, 170 N.E.2d 108 (1960).) Thus, ambiguities in employee status will be resolved in favor of coverage, that is, in favor of a finding that the injured person is an employee. These workmen's compensation cases are not, however, cogent authority for construing an exclusion in an insurance contract, where different public policy considerations are operative. In the insurance context, "[a]mbiguous provisions or equivocal expressions whereby an insurer seeks to limit its liability will be construed most strongly against the insurer and liberally in favor of the insured." *Mosby v. Mutual Life Insurance Co.,* 405 Ill. 599, 607, 92 N.E.2d 103 (1950); *Lumbermen's Mutual Casualty Co. v. Norris,* 15 Ill. App. 3d 95, 303 N.E.2d 505 (5th Dist. 1973). See *Allied Mutual Casualty Co. v. Dahl,* 255 Iowa 208, 122 N.W.2d 270 (1963). See also Annot., 48 A.L.R. 3d 13 (1973).

We are not here, of course, dealing with an ambiguity in the true sense, but with whether, based on the evidence in the record, Bradley Martin was in fact an employee of Gerald Hall at the time of his injury. We believe the evidence is susceptible of different inferences. The question is one of fact for the court's determination, and we cannot say that the decision of the trial court is against the manifest weight of the evidence.

See *Westlund v. Kewanee Public Service Company*, 11 Ill. App. 2d 10, 136 N.E.2d 263 (2d Dist. 1956), and cases therein cited.

General Accident cites *State Farm Mutual Automobile Insurance Co. v. Staff*, 26 Ill. App. 3d 217, 325 N.E.2d 1 (1975), as authority in support of its contention that Martin's status as an employee should be determined by application of standards enunciated in workmen's compensation cases. The automobile liability policy there under consideration excluded coverage for injury to an employee if benefits for the injuries were payable or required to be provided under the Workmen's Compensation law. Since the policy made express reference to the Act, the court determined that the "employees" were automatically covered by virtue of the "carriage by land" provision of the Act. (Ill. Rev. Stat. 1975, ch. 48, par. 138.3.) We think that case is clearly distinguishable from the present one.

■■ The relationship here is closer to that in the case of *United Service Auto Association v. Pinkard*, 356 F.2d 35 (4th Cir. 1966), which the Court of Appeals found "of a nature so casual as to fall outside the ordinary understanding of the term 'employment' " (356 F.2d 35, 38). Here, although Martin had usually been compensated on previous occasions, there was no discussion of compensation on the day of his injury. Martin and Hall were friends and the latter gave Martin golf lessons and instruction. The relationship was a casual, temporary one, and while Martin had done similar work in the past, he was never hired on a regular, recurring basis. The evidence supports the finding that Martin was a casual worker or volunteer. We are not required to attach any particular label to Martin's status, but need only conclude that the trial court's determination that he was not an "employee" under the policy exclusion in question was not against the manifest weight of the evidence.

■■ Finally, appellant argues that the trial court committed prejudicial error in excluding evidence of· previous "employer-employee relationships" between Gerald Hall and Bradley Martin. We have examined the record and find this argument without merit. Whether or not evidence as to the circumstances surrounding ball-shagging on previous occasions was material to the question of the relationship between Hall and Martin on June 15, 1973, the plain fact is that the trial court did hear testimony as to the informal nature of the ball-shagging arrangements and the "compensation" involved on previous occasions. Error, if any, in excluding evidence was thus cured.

For the foregoing reasons, the judgment of the Circuit Court of Christian County is affirmed.

Affirmed.

JONES, and G. J. MORAN, JJ., concur.