CLARENCE ROBINSON, Plaintiff-Appellee, *v.* McDOUGAL-HARTMANN Co. *et al.*, Defendants-Appellants.

(No. 70-134;

Third District—August 17, 1971.

Robert C. Strodel, of Peoria, for appellants.

Jordan Fifield, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Clarence Robinson, brought this action in the Circuit Court of Peoria County to recover damages for personal injuries caused by the negligence of Eugene Hayes, Defendant-Appellant, as an employee of McDougal-Hartmann Co., Defendant-Appellant. In accord with a jury verdict the court entered judgment in favor of Plaintiff against each Defendant. Post-trial motions were denied and this appeal follows.

In 1967, the Austin Company, a general contractor, (not a party to this action) was engaged in constructing a hose plant for Caterpillar Tractor Company near Mossville, Illinois. In order to grade a portion of the site before pouring concrete, Austin entered into an agreement with McDougal-Hartmann Company, defendant, to lease a motor grader owned by it together with an operator all at an hourly rate. Eugene Hayes had been an employee of McDougal-Hartmann Company for over 24 years and was the operator assigned to operate the motor grader.

On November 18, 1967, Clarence Robinson, a laborer employed by the Austin Company, was a member of a crew engaged in grading at the job site. Another member of the crew also an Austin Company employee, designated as a "spotter" gave directions by hand signal for the movement of the motor grader. Although the evidence is disputed concerning what took place prior to the occurrence it is undisputed that defendant Hayes had started the motor grader and it may be inferred that he moved the grader in accordance with the spotter's directions, a distance of about fifty feet, when he was signaled to stop and it was discovered that plaintiff Robinson had been run over by the grader. On this appeal

no issue is raised concerning negligence, contributory negligence or damages and as a consequence additional details concerning the occurrence are unnecessary.

As an affirmative defense defendants Hayes and McDougal-Hartmann Company allege that at the time and place of the occurrence Hayes was a "loaned servant" in the employee of the Austin Company and not an employee of McDougal-Hartmann Company. If Hayes was an employee of the Austin Company then Robinson's injuries were caused by a co-employee and his recovery would have been limited to the Workmen's Compensation Act.

In seeking to reverse the judgment of the trial court defendants argue one, the trial court erred in denying their motion for judgment notwithstanding the verdict because Hayes was a "loaned servant" at the time of the occurrence as a matter of law and two, the trial court erred in the giving and refusal of instructions.

According to defendants the evidence regarding Hayes' relationship with McDougal-Hartmann and the Austin Company is undisputed and the trial court should have declared Hayes to have been the special employee of the Austin Company as a matter of law. Alternatively defendants argue the evidence so overwhelmingly favors the proposition that Hayes was such a special employee that the application of the *Pedrick* rule requires judgment in their favor.

We believe the decision in this case is controlled by *Gundich v. Emerson-Comstock Co.*, 21 Ill.2d 117, 171 N.E.2d 60, a case in which the significant facts are indistinguishable from those in the case at bar. In *Gundich* the plaintiff was an iron worker employed by the general contractor. Brown, an employee of Emerson-Comstock, Defendant, was operating a crane owned by Ford Motor Company. Plaintiff was injured when a load of steel being lifted by the crane tipped. The load was being moved in accordance with signals given by employees of the general contractor. The jury found in favor of plaintiff and against Emerson-Comstock Company, which verdict was affirmed by the Supreme Court. In discussing the facts to be determined and the test to be applied by the jury the Court stated, "We are of the opinion that the Appellate Court was in error in holding that as a matter of law the plaintiff was not an employee of Emerson-Comstock Co. at the time of his alleged injury. In determining first whether there is any evidence that Brown, the operator of the crane, was defendant's servant, we recognize that the criteria reiterated in the Illinois case law for the existence of the master-servant relationship is the right to control, which includes the power of discharge. (*Harding v. St. Louis National Stock Yards*, 242 Ill. 444, 90 N.E. 205; *Densby v. Bartlett*, 318 Ill. 616, 149 N.E. 591, 42 A.L.R.

1406; *Connolly v. Peoples' Gas, Light and Coke Co.*, 260 Ill. 162, 102 N.E. 1057; *Forest Preserve Dist. of Cook County v. Industrial Comm.*, 357 Ill. 389, 192 N.E. 342.) We also recognize that where an employee is sent by his general employer to another for the performance of special work, the test whether he becomes an employee of the person to whom he is sent depends upon whether he becomes wholly subject to that person's control and freed during such time from the direction and control of his master. (*Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 45 N.E.2d 665.) This presents a question of fact for the jury, which must weigh such factors as the matter of hiring, the mode of payment, the right to discharge, and the manner of direction of the service. *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 45 N.E.2d 665."

■■ Many of the facts and factors relevant to the issue are undisputed. Others are disputed and the weight to be given the undisputed factors as they contribute to the final conclusion necessarily involved jury resolution. Even if an employee receives directions from a party other than his general employer such employee may nevertheless retain his status as an employee of the general employer.

In this case, it is undisputed that Hayes was a long time employee of McDougal-Hartmann, was paid by McDougal-Hartmann, was placed in charge of an expensive piece of machinery and was directed to go to the Austin Company job. It is also undisputed that he received some direction from employees of the Austin Company but the authority and responsibility exercised either by Hayes or by Austin Company employees on the job is subject to dispute and contradictory inferences. Viewing such evidence most favorably to plaintiff it may be inferred that the instructions given by Austin generally indicated the nature of the work to be done but the authority and responsibility for the manner in which the work was to be accomplished was that of Hayes exercised in accord with the general instructions of and for the benefit of his general employer. The facts in this case as well as those in the *Merlo* and *Gundich* cases are in accord with the observations in Restatement of Agency, 2d, Sec. 277, Comment c. "Factors to be considered. Many of the factors stated in Section 220 which determine that a person is a servant are also useful in determining whether the loaned servant has become the servant of the borrowing employer. Thus a continuation of the general employment is indicated by the fact that the general employer can properly substitute another servant at any time, that the time of the new employmen is short, and that the loaned servant has the skill of a specialist.

A continuance of the general employment is also indicated in the operation of a machine where the general employer rents the machine

and a servant to operate it, particularly if the instrumentality is of considerable value. Normally, the general employer expects the employee to protect his interests in the use of the instrumentality, and these may be opposed to the interests of the temporary employer. If the servant is expected only to give results called for by the temporary employer and to use the instrumentality as the servant would expect his general employer would desire, the original service continues."

■■ Not only did the jury return a verdict in favor of the plaintiff but it also found in the negative to a special interrogatory submitted by defendants which stated "Was the defendant, Eugene Hayes, at the time of the occurrence wholly subject to the control and direction of the Austin Company and free during such time from the direction and control of McDougal-Hartmann Company?" The foregoing test is that approved in *Merlo v. Public Service Co. of Northern Illinois*, 381 Ill. 300, 45 N.E.2d 665 and *Gundich v. Emerson-Comstock Co., supra.* Defendants recognize the force of the foregoing cases and the tests propounded and consequently on this appeal they argue that the rule proposed is too restrictive and refer to cases from other jurisdictions. We believe that the law on this subject is well settled and resort to cases from other jurisdictions is unnecessary. Furthermore it should be observed that the defendants tendered the special interrogatory embodying a general principle which they now seek to disclaim. If the defendants were disposed to believe that another rule of law was applicable it was their duty to propose such a different rule which they did not.

Defendants have referred to *Highway Insurance Company v. Sears, Roebuck & Co.* 92 Ill.App.2d 214, 235 N.E.2d 309 and *American Stevedore Co. v. Industrial Commission*, 408 Ill. 449, N.E.2d 325, in support of their position. Such cases are readily distinguishable on their facts and do not announce principles different from those to which we have already referred. It should be observed that each of the cases involved claims under the Workmen's Compensation Act rather than application of the doctrine of *respondeat superior.* Additionally the court concluded in each that a general employer was in the business of supplying employees for part time work for other employers and the court as a matter of law regarded the general employer merely as a conduit for paying and supplying the employees.

■■ We conclude from the foregoing analysis that the issue was one of fact and that there is ample evidence to support the jury's conclusion.

This brings us to the assignments of error regarding instructions. Plaintiff's instructions 12 and 13 being respectively IPI—Civil 50.05 and 50.08, were given over the objection of defendants. The first is the defini-

tion of Agent and the second refers to inferences which may be drawn concerning the existence and scope of an Agency when one is operating a vehicle belonging to another.

The objection to these instructions interposed by defendants is not that they are incorrect statements of law but rather that they do not apply to the "loaned servant" situation. We believe such objection is without merit. At the conference on instructions counsel for the defendants was asked after having made the objection what definition of agency he would propose or what modification would be more appropriate. No alternative definition was submitted and we agree with the trial court that the definition was both required and appropriate. The "loaned servant doctrine" is merely an application of the general principles of agency and even though the standard pattern instructions may not have been designed with this doctrine in mind they are adequate to present the guiding principles to the jury. In this connection it should be noted that at the request of the defendants the court gave IPI—Civil 50.03, which according to the notes is the appropriate instruction to be given where both the existence and scope of the agency are denied. Since agency was the heart of the controversy we believe that the definition instruction was necessary.

■■ Likewise we find no error in the giving of plaintiff's instruction number 13 (IPI—Civil 50.08) since the instruction merely permits inferences to be drawn from facts supported by evidence having a significant relevancy to the controversy. Indeed as is indicated in the Restatement of Agency, 2d Sec., Comment c. quoted above, the ownership of the motor grader and the nature thereof are of particular importance in this type of case.

Defendants have directed our attention to other alleged errors regarding instructions but in view of our previous observations we believe it is unnecessary to consider them in detail. It is sufficient to say that considering the instructions as a whole we believe that the jury was adequately and properly instructed and that such instructions fully embodied defendants' theory of the case.

Finding no error in the judgment of the Circuit Court of Peoria County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.