LINDA L. HINDLE, *et al.*, Plaintiffs-Appellants, *v.* LEO DILLBECK, *et al.*, Defendants-Appellees.

(Nos. 70-225, 70-226 cons.;

Second District—October 20, 1971.

Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellants.

Dale C. Flanders, of Aurora, and Robert F. Casey, of Geneva, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This appeal arises from a summary judgment for defendants grounded on the theory that plaintiffs are bound by applicable provisions of the Workmen's Compensation Act in that plaintiff Hindle's injuries and the death of Joyce Lynn Pakenham arose out of their employment and that their right to maintain a common-law action for negligence against their fellow employees and their employer is barred as a matter of law.

We have examined the pleadings, affidavits, and excerpts of depositions presented to the trial court to determine, when viewed most strictly against the moving party and most liberally toward op-

ponent, as we are bound to do, whether there exists any genuine issue of material fact. (*Giova v. Carroll* (1969), 109 Ill.App.2d 259, 248 N.E. 2d 836; *Ruby v. Wayman* (1968), 99 Ill.App.2d 146, 240 N.E.2d 699; Ill. Rev. Stat. 1969, ch. 110, sec. 57.) Defendant has the burden of proving the affirmative defense relied upon, and we hold summary judgment was erroneous as the record below is not so free from doubt as to preempt defendant's right to trial by jury and her right to fully present the factual basis of her case to the trier of fact.

The girls involved in this unhappy occurrence were 15 and 16 years of age at the time and were returning to their home community from their very first day of work in the field detasseling corn for one of the defendants, De Kalb Agricultural Association, Inc. Defendant Mary Dillbeck, a newly licensed driver, was operating a truck owned by her father, defendant in another action pending, which she had equipped with several lawn chairs and an old truck seat for the use of other girls riding with her in the back of the truck when it left the road, turned over and struck a utility pole. The plaintiff Linda Hindle was severely injured and a second passenger, Joyce Packenham whose administrator is plaintiff in the consolidated case, was killed.

As crew leader, Mary Dillbeck had power to hire and fire members of her crew; she was to provide them transportation from their home community to the various farms where the work was to be performed and supervise their work while in the fields. She was to be paid in a lump sum at the end of the season $5.00 per day for the use of a vehicle. Defendant De Kalb Agricultural Association, Inc. gave her a map indicating the location of the fields, did not prescribe the route, require her to present a driver's license, nor inspect her vehicle. She and the other girls were to be paid at an hourly rate for time spent in the field plus time traveling in one direction only, Mary Dillbeck at $1.60 an hour and her crew members at $1.15 an hour. The one-way paid travel time could be applied either to going to or returning from the place of work, although De Kalb Agricultural Association, Inc. preferred paying time for the morning journey in case the workers wished to stop on their way home. On the particular day in question, the paid work and travel time ended when the girls left the field to begin their journey home. In the course of her deposition, plaintiff Linda Hindle stated she knew Mary Dillbeck was going to drive the girls to and from work, that they could ride with her if they wanted to, that nobody told her she could go to and from the field by means of other transportation, but nobody told her she couldn't.

In this appeal, plaintiff claims existence of two material issues of fact

for the jury, namely: (1) whether the minor plaintiffs were within the scope of their employment at the time of the accident, and (2) whether Mary Dillbeck was then the employee of De Kalb, and therefore plaintiff's fellow servant, or an independent contractor. The second issue is sufficiently raised in the pleadings, we believe, by plaintiff's alternative allegations that Mary Dillbeck was either the agent or servant of De Kalb, was lessor of the truck to De Kalb, or was an independent contractor to furnish the truck to De Kalb, plaintiff being uncertain as to the exact agreement between the parties it being in their exclusive possession. Existence of any written contractual agreement was denied by defendants. Mary Dillbeck's answer claimed no knowledge, and De Kalb's answer claimed insufficient knowledge, as to the truth of the plaintiff's alternative allegations concerning legal relationships and therefore neither admitted nor denied but demanded strict proof. Plaintiff's rationale is that although Mary Dillbeck and plaintiffs were all employees of De Kalb Agricultural Association while working in the field, Mary Dillbeck took on a different status as an independent contractor while driving her father's truck, and the plaintiffs were no longer within the scope of their employment after they were signed out on the time sheet at 4:00 o'clock that afternoon, about 20 minutes before the accident. Other jurisdictions have held that the same person may be an employee in some phases of his work but an independent contractor in other phases of it. See 99 C.J.S. Workmen's Compensation, Sec. 105.

■■ No inflexible rule may be applied in all situations to determine whether a person is an employee or an independent contractor. The answer depends upon an analysis of the facts of the particular case. (*Coontz v. The Industrial Com.* (1960), 19 Ill.2d 574, 169 N.E.2d 94.) It is a vexatious question requiring consideration of many factors, such as whether compensation is on a time basis or by the job, the right to discharge, and the furnishing of materials, equipment or tools, and most importantly whether there is a right to control the manner of doing the work. *O'Brien v. Industrial Com.* (1971), 48 Ill.2d 304, 269 N.E.2d 471; *Henry v. Industrial Com.* (1952), 412 Ill. 279, 127 N.E. 714; and *Immaculate Conception Church v. Industrial Com.* (1947), 395 Ill. 615, 71 N.E.2d 70.

■■ We agree with appellant that *Sjostrom v. Sproule* (1965), 33 Ill.2d 40, is not controlling in the instant case. Sjostrom does not preclude the existence of the question of fact here as to whether or not Mary Dillbeck was or was not an independent contractor or whether she was merely a fellow employee. That is a question for determination by the jury. "Whether an employee who is on the way to or from his place of employment is in the line of his employment depends upon the circum-

stances of each case and is largely a question of fact." *Irwin Neisler & Co. v. Industrial Com.* (1931), 346 Ill. 89, 92.

■■ We believe reasonable minded persons might draw different inferences from the evidence presented to the trial court. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504.) The purpose of a summary judgment is not to try an issue of fact, but rather, to determine whether one exists. *Lumbermen's Mutual Casualty Co. v. Poths* (1968), 104 Ill.App.2d 80, 243 N.E.2d 40.

We therefore reverse and remand this cause with direction to vacate summary judgment for defendants and to proceed in a manner consistent with this opinion.

Reversed and remanded.

MORAN, P. J., and ABRAHAMSON, J., concur.