DAYLON MILFORD BECKE, Plaintiff-Appellant, *v.* FRED A. SMITH LUMBER COMPANY, INC. *et al.*, Defendants-Appellees.

(No. 71-291;

Second District—January 24, 1973.

Nettles & Mahoney, of Freeport, for appellant.

Williams, McCarthy, Kinley & Rudy, of Rockford, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiff, Daylon Milford Becke, appeals from an adverse summary judgment entered in a personal injury action which he had filed against the defendant, Fred A. Smith Lumber Company, Inc. (FASCO). The judgment determined that Becke was a "loaned employee" of the lumber company when he was injured while using a large power saw in the company's shop, and was thus limited to his workmen's compensation remedy.

In the personal injury complaint, plaintiff alleged that FASCO was negligent in failing to properly equip the power saw in its shop and in failing to instruct plaintiff in its use or to warn of its dangerous propensities. FASCO's answer consisted of denials of the allegations. Subsequently FASCO moved for a summary judgment, alleging that the relationship of employer-employee existed between it and the plaintiff on November 26, 1968, the date of the accident; and that a common law action was therefore barred. The motion was supported by the affidavit of Robert L. Bailey, president of FASCO, stating that a request was made of Lena Builders, Inc. to borrow some of its employees to assist FASCO

in making trusses, and that plaintiff, as one of these employees, came under the control and supervision of Owen Schneider, the truss manager for FASCO at the Rockford plant at the time of the accident. The motion was further supported by plaintiff's application for workmen's compensation against both defendant and Lena Builders, Inc. and by plaintiff's own deposition.

Plaintiff moved to strike the motion for summary judgment on the basis that the allegations relating to the employer-employee relationship constituted an affirmative defense which had not been raised in the pleadings prior to the motion. Plaintiff also contended that there was a genuine issue of fact as to the existence of an employer-employee relationship which required a trial of the issues.

Plaintiff's motion to strike was denied and after consideration of all the depositions, affidavits, and workmen's compensation documents, summary judgment was entered against him. The court indicated that there had been an effective delegation of control over plaintiff to defendant at the time of the injury. The element of control was deemed the determinative factor even though the hiring, paying and probably the right to discharge, in the court's opinion, remained in Lena Builders, while the benefit of the work inured to the defendant. A motion by plaintiff to vacate the summary judgment on the basis that FASCO had denied the existence of an employer-employee relationship between it and the plaintiff in pending workmen's compensation proceedings was also denied.

There is some merit to plaintiff's contention that the bar of the employment relationship should have been pleaded as an affirmative defense prior to being raised in the summary judgment proceeding. (See *Meador v. City of Salem* (1972), 51 Ill.2d 572, 578.) But the issue was before the court by reason of the motion for summary judgment and subsequent pleadings. Since defendant may be permitted to amend its pleadings to conform to proofs (Ill. Rev. Stat. 1971, ch. 110, sec. 46(3)), it would serve no useful purpose to do otherwise than dispose of this case on the merits.

■■ Here it is conceded that plaintiff's general employer was Lena Builders, Inc. Whether plaintiff became the employee of FASCO to whom he was sent depends upon whether he became wholly subject to FASCO's control and freed during such time from the direction and control of his master, Lena Builders, Inc. (*Gundich v. Emerson-Comstock Co.* (1960), 21 Ill.2d 117, 123; *Merlo v. Public Service Co. of Northern Illinois* (1942), 381 Ill. 300, 320.) This test requires the weighing of factors such as the matter of hiring, the mode of payment, the right to discharge, and the manner and direction of the services; and unless these facts clearly appear they must be weighed by the finder of facts. (*Gun-*

*dich v. Emerson-Comstock Co.* (1960), 21 Ill.2d 117, 123; *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 319-320; *Emma v. Norris* (1970), 130 Ill.App.2d 653, 656.) Where conflicting inferences may be drawn from the evidence, the issue is a jury question. *Raymond Concrete Pile Co. v. Industrial Com.* (1967), 37 Ill.2d 512, 517; *Hindle v. Dillbeck* (1971), 1 Ill.App.3d 1021, 1025; *Robinson v. McDougal-Hartmann Co.* (1971), 133 Ill.App.2d 739, 272 N.E.2d 513, 515-516.

In this case, factors must be weighed and conflicting inferences may be drawn from the evidence in determining whether a loaned-servant relationship existed. The determination thus must be made by the trier of facts and not by the court on the motion for summary judgment.

■■ The trial court acknowledged that the hiring, paying and probably the right to discharge remained with Lena Builders, Inc., but concluded that the right to control and the benefit of the work were with FASCO. It found the right to control determinative. We agree that a highly significant inquiry to identify the employer of a loaned employee is the extent to which the loaning employer has delegated to the borrowing employer the right to control the manner of doing the work. (*Raymond Concrete Pile Co. v. Industrial Com.* (1967), 37 Ill.2d 512, 517.) A distinction is made in the cases between the giving of directions and the actual control over the manner of doing the work. *Gundich v. Emerson-Comstock Co.* (1960), 21 Ill.2d 117, 125.

■■ While the factor of control seems, from plaintiff's own deposition, to be favorable to the defendant, even here contrary inferences could be drawn. Plaintiff and other Lena employees set their own time for breaks at the FASCO plant. Plaintiff was merely advised by Lena to go to the shop and was not told to work under anyone from FASCO. Plaintiff, in his affidavit, maintained that he did not take any work orders from Owen Schneider, nor did he assume that Schneider had any control over him. While his affidavit is discredited by portions of his deposition testimony, the determination of plaintiff's credibility is particularly a fact-finding function. Secondly, the deposition of Owen Schneider indicates that Schneider gave no orders to plaintiff, was not familiar with the saw in question, and was not familiar with the terms of the arrangement whereby Lena's men were present. Schneider stated that his directions were only specifications, and that he relied on the skill of Lena's employees to follow them. Further, Schneider admitted he would not have complained to Lena's workers if they had left FASCO to go to another job. Interpreting the conflicting evidence strictly against defendants and liberally in favor of the plaintiff on the motion for summary judgment (*Hindle v. Dillbeck* (1971), 1 Ill.App.3d 1021, 1022-1023), the matter of control would appear to require determination by the finders of fact.

Whether plaintiff consented to be an employee of FASCO at the particular time involved is also an issue which must be resolved from conflicting inferences, and must go to the triers of fact. (*McHugh-Brighton v. Industrial Com.* (1969), 42 Ill.2d 52.) There was no evidence that plaintiff was aware of any agreement between Lena and FASCO and there was no direct evidence that plaintiff agreed to work for FASCO. While an inference might be drawn that the plaintiff assented to the temporary employer-employee relationship with FASCO by leaving his regular place of work and acknowledging Schneider as his new boss at the truss shop, this is not the only inference which may be drawn from the evidence. It is not clear whether working for FASCO was of a greatly different pattern or nature as that from other work which plaintiff did for Lena. It can be inferred from the record, for example, that plaintiff was doing at the FASCO shop what he always did for Lena, that is, work on carpenter contracts for his employer. FASCO paid Lena on the basis of so many men at a certain rate per hour; and Becke received his pay from Lena. It is not clear from the record that plaintiff would have to be aware of a change of employers by the way the work was done.

■■ Nor was the right to discharge the plaintiff or terminate his employment at the particular job clearly shown on the record. The right was not expressly stated. The right to discharge one from a particular job is of evidentiary value in determining whether an employment relationship exists. (*Village of Creve Coeur v. Industrial Com.* (1965), 32 Ill.2d 430, 432-3.) Here, the extent of the right to discharge would have to be inferred from the record, again a jury function.

■■ Further, we believe that the denial by FASCO of an employment relationship in a workmen's compensation proceeding is a factor to be weighed in determining whether there are material facts in dispute in the summary judgment proceeding. We do not conclude that defendant was thereby barred from taking an inconsistent position in the common law proceedings by any theory of election of remedies or estoppel. (See *Emma v. Norris* (1970), 130 Ill.App.2d 653, 660.) However, the trier of fact is entitled to consider both the effect of defendant's statement in the workmen's compensation proceedings that Becke was not its employee, and plaintiff's statement in his application that although he considered himself to be an employee of Lena, for protective reasons he was joining FASCO in the compensation proceedings.

■■ The weighing of these various factors, and the inferences to be drawn from the evidence to reach a result which would determine whether there was an employer-employee relationship between plaintiff and defendant, must be left to the jury and may not be preempted by the court on this record.

We, therefore, reverse and remand with directions to deny defendant's motion for summary judgment and to proceed to trial in accordance with this opinion.

Reversed and remanded with directions.

ABRAHAMSON and T. MORAN, JJ., concur.