BRADLEY STOCKTON *et al.*, Plaintiffs-Appellants, *v.* MAURO MENDOZA, JR., Defendant-Appellee.

Fourth District  No. 13028

Opinion filed February 17, 1977.

Manion, Janov & Edgar, Ltd., of Hoopeston (Paul T. Manion, of counsel), for appellants.

Charles W. Hendrix, of Champaign, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from the judgment entered for defendant upon the pleadings in plaintiffs' action for personal injuries sustained by Bradley Stockton.

Plaintiff, Bradley Stockton, an employee of Joan of Arc Corporation (hereinafter Corporation), at Hoopeston, Illinois, was injured on the premises of his employer when struck by a truck owned by defendant and driven by one Cavazos. The complaint alleged that defendant was an independent contractor operating a truck for hire or leasing by the Corporation, and that Cavazos was defendant's employee.

Defendant filed a motion to dismiss under section 48(i) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48(1)(i)), alleging that Cavazos was driving as an employee of the Corporation and that plaintiffs had no right of common law recovery for injuries caused by a fellow servant. Plaintiffs' stipulated that Bradley Stockton had entered into a stipulated statement under the Workmens Compensation Act with the Corporation.

The order on appeal reflects that the court considered the affidavits of defendant and the driver, Cavazos, and an evidentiary deposition by the personnel manager of the Corporation filed by plaintiffs and thereupon ordered that "said be dismissed in bar of action and at plaintiffs' costs."

The plaintiffs contend that whether defendant and the driver, Cavazos, were employees of the Corporation was a question of fact for the jury and was improperly determined as a matter of law.

Defendant entered into an oral arrangement with the Corporation whereby he brought some 25 to 30 individuals to the area to pick asparagus, corn and tomatoes in fields leased by the Corporation. He was to supervise the individuals in their work and was known as a "crew chief." Defendant also supplied two trucks and drivers, including the truck and driver which struck plaintiff, Bradley Stockton. Those picking in the fields were placed on the Corporation payroll and it paid social security taxes for such.

Defendant received a specified sum on each unit of garden stuff picked by his crew. He was paid $2.50 per ton for the produce hauled from the fields in his trucks. The Corporation issued weekly checks for wages to the driver but the total of such wages paid the driver was deducted from the total paid for the tonnage hauled in the trucks in the settlement made with defendant at the end of the season. This settlement for the hauling by defendant's trucks during the picking season was made separately from the payments made to him upon the production of his crew working in the fields.

Defendant's affidavit seeks to characterize the transaction as a leasing of his truck to the Corporation, while the complaint alleges that defendant was an independent contractor furnishing trucks for hire to the Corporation, but retaining control and supervision of the truck driven by Cavazos.

■■ Defendant has the burden of proving the affirmative defense relied upon in his motion. *Hindle v. Dillbeck* (1971), 1 Ill. App. 3d 1021, 274 N.E.2d 594.

Section 48(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48(3)), provides that upon the hearing on the motion the parties may present affidavits or other proof denying facts alleged, or establishing facts obviating the grounds of defect, including the language:

"If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the subject matter of the motion by answer and *shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time.*" (Emphasis supplied.)

■■ In *Berk* v. *County of Will* (1966), 34 Ill. 2d 588, 218 N.E.2d 98, the court said:

"This section makes it mandatory, however, that the court shall deny the motion, without prejudice, if it is an action at law and a jury demand has been filed by the opposite party in apt time." (34 Ill. 2d 588, 590, 218 N.E.2d 99, 100.

Here a jury demand was affixed to the complaint.

We conclude that a material and genuine issue of fact was presented to the trial court. In *Becke v. Fred A. Smith Lumber Co.* (1973), 9 Ill. App. 3d 563, 292 N.E.2d 572, plaintiff sought damages for personal injuries. Defendant claimed that plaintiff was a "loaned employee" and that recovery was limited to that provided under Workmens Compensation. The reviewing court reversed a summary judgment for defendant stating that the relationship of the parties is tested by the complex facts of the means of hiring and discharge, the manner of payment and the control and supervision of the work performed by the purported employee.

*Hindle v. Dillbeck* (1971), 1 Ill. App. 3d 1021, 274 N.E.2d 594, reviewed an issue upon facts closely analogous to those in this case. A defendant was the "crew chief" as to several girls employed to detassel seed corn. As such "crew chief" it is stated that she might hire and fire and that she supervised the work of several girls. The latter were paid an hourly wage by the seed corn company. Defendant used her father's truck to transport the girls to the field to which she was directed by the seed company. For such transportation service she received $5 per day for the use of the truck paid at the end of the season. In an action for death and personal injuries to members of the "crew", occurring when the truck was wrecked as they returned from work, the issues on the pleadings were whether defendant and the members of the crew were fellow employees, or defendant was an independent contractor furnishing or leasing a truck to the

corporation. After considering the facts of the right to hire and fire, the method of paying the girls and the control of the work exercised, the court reversed and remanded.

■■ It was said that where reasonable people might draw different inferences from the facts presented to the court, the inferences to be drawn, the evidence and the weighing of the facts which would determine the nature of the relationship between the parties must be determined by a trier of fact rather than treated as a matter of law. *Becke v. Fred A. Smith Lumber Co.; Fransen Construction Co. v. Industrial Com.* (1943), 384 Ill. 616, 52 N.E.2d 241.

Defendant contends that *Fransen* supports the judgment of the trial court. In *Fransen,* however, the court was reviewing a determination of fact by the Industrial Commission as a trier of fact.

From this record it appears that defendant hired Cavazos and nothing suggests that he could not discharge him. The evidence concerning the supervision exercised by the Corporation as to the manner of using the truck is disputed. The Corporation had no insurance for liability in the operation of the truck. The wage of the driver, Cavazos, was deducted from the sum paid for the use of defendant's truck at the end of the season, and it is an issue of fact whether such method of payment established employment by defendant or by the Corporation.

We conclude that upon such record it was error for the trial court to proceed to determine issues of fact when there was timely demand for jury trial.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

CRAVEN, P. J., and GREEN, J., concur.