MAMIE L. BAILEY, Plaintiff-Appellant, *v.* THE CITY OF DECATUR *et al.*, Defendants-Appellees.

Fourth District   No. 13825

Opinion filed June 13, 1977.

Burger, Fombelle, Wheeler & Dvorak, P. C., of Decatur (David A. Dvorak, of counsel), for appellant.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Jerald E. Jackson and William O. Martin, Jr., of counsel), for appellees.

Mr. JUSTICE REARDON delivered the opinion of the court:

The plaintiff, Mamie L. Bailey, appeals a directed verdict entered on her common law tort action against a Decatur policeman, Larry Warnick, for an assault and battery inflicted by Warnick's allegedly wilful and wanton misconduct and against the City of Decatur on a respondeat superior theory. Plaintiff also appeals the denial of her motion for leave to amend the complaint for the purpose of conforming the pleadings to the proof.

At approximately 2:40 a.m. on October 27, 1974, Officer Warnick went to the plaintiff's home for the purpose of arresting plaintiff's husband for a traffic offense. Warnick was driving a four-door sedan squad car which was equipped with a cage unit in the back seat. Prisoners placed in the cage unit are unable to leave the vehicle unless a back door is opened from the outside because the interior door and window handles have been removed and because a plastic or plexiglass shield divides the front and rear seats of the vehicle.

Officer Warnick and his companion, Officer Ronald White, found the

plaintiff's husband visiting friends at his downstairs neighbor's apartment. After peacefully arresting and placing plaintiff's husband in the cage unit, the plaintiff asked Officer Warnick if she could speak with her husband, a request the Officer granted.

At trial, Officer Warnick testified that he had his back turned as the plaintiff approached the rear door on the driver's side of his squad car. At that time, a second officer was approximately 40 feet from the vehicle and the plaintiff was about 3 or 4 feet from Officer Warnick. Plaintiff opened the door approximately 8 to 10 inches and Officer Warnick pushed it shut. While being adversely examined pursuant to section 60 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 60), Officer Warnick denied touching the plaintiff, although the plaintiff testified that he rushed at her, shoved her left shoulder with his right hand and hit her right hand, fracturing one of her fingers.

After closing the door, Officer Warnick warned the plaintiff to keep her hands off the squad car, but he did allow her to converse with her husband through the plexiglass divider between the front and rear seats. At that time, plaintiff told her husband that she was not hurt.

After the policemen departed with her husband, the plaintiff proceeded to the police station in a separate vehicle with Lolita Smith and Glen Copeland at which time she lodged a complaint with Officer Warnick's shift commander. The plaintiff did not draft the formal complaint; rather, Lolita Smith phrased and wrote the document which the plaintiff then adopted as her own.

The plaintiff did not visit a doctor until November 1, 1974, 5 days after her husband's arrest. Her doctor testified that she told him that " * * * the accident occurred on November 1, when she caught her hand on a car door."

At the close of plaintiff's evidence, plaintiff sought leave to file an amendment to her complaint for the purpose of conforming her pleading to the proof. The amendment would have added a fourth count against the City of Decatur alleging that Officer Warnick was a municipal employee. The defendants then filed written motions for directed verdicts on counts I, II and III of the complaint. The court, thereafter, granted the motions for directed verdicts and denied plaintiff's motion for leave to amend the complaint. The court ordered that the suit be dismissed and that costs be assessed against the plaintiff.

■■ Our supreme court has repeatedly stated that a verdict is to be directed " * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513.) Such a circumstance might be encountered,

and a verdict properly directed, where the plaintiff neglects to introduce any evidence to support his contentions. *Hahn v. Eastern Illinois Office Equipment Co.* (1976), 42 Ill. App. 3d 29, 34, 355 N.E.2d 336, 341.

In *Stockton v. Mendoza* (1977), 46 Ill. App. 3d 108, 360 N.E.2d 561, we reversed a judgment entered on the pleadings in favor of the defendant. In *Stockton,* the defendant was an independent contractor with the Joan of Arc Corporation who was under contract to furnish and supervise vegetable pickers for the Corporation's farming operations. One of those vegetable pickers, while driving defendant's truck, struck the plaintiffs who were the alleged tortfeasor's fellow servants. Defendant filed a section 48(1)(i) motion to dismiss (Ill. Rev. Stat. 1971, ch. 110, par. 48(1)(i)) saying that plaintiff's exclusive remedy was against the corporation under the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*) because the plaintiff was alleged to have been a "loaned employee" of the corporation. In reversing the dismissal, we stated:

> " * * * where reasonable people might draw different inferences from the facts presented to the court, the inferences to be drawn, the evidence and the weighing of the facts which would determine the nature of the relationship between the parties must be determined by a trier of fact rather than treated as a matter of law." 46 Ill. App. 3d 108, 111, 360 N.E.2d 561, 563.

*Stockton,* like *Pedrick,* is authority for the proposition that a court should not lightly remove a factual question from the jury. *Pedrick* does not require that the trial court's findings of law be shown to be incorrect. Rather, *Pedrick* permits a directed verdict to stand only if it is impossible for a contrary verdict, based on the evidence, to stand.

■■ In granting the defendant's motions for directed verdicts in the instant case, the court ruled solely on the evidence that the plaintiff had presented. That evidence reflects that Officer Warnick denied shoving or striking the plaintiff, although the plaintiff and her witnesses testified to the contrary, thereby raising a factual question for the jury.

In addition, sections 7—5(a) and 7—9(a) of the Criminal Code of 1961 allow the jury to determine whether Officer Warnick was justified in using force against the plaintiff's person at the time plaintiff's husband was being arrested. Section 7—5(a) in pertinent part provides:

> "He [a police officer] is justified in the use of any force which he reasonably believes to be necessary to effect the arrest * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 7—5(a).)

Section 7—9(a) in pertinent part provides:

> "A peace officer or other person who has an arrested person in his custody is justified in the use of such force to prevent the escape of the arrested person from custody as he would be justified in

using if he were arresting such person." (Ill. Rev. Stat. 1973, ch. 38, par. 7—9(a).

It is our belief, based on the conflicting testimony presented to the jury and on the statutes relating to justifiable force, that the plaintiff should be entitled to a jury trial of her cause of action. The evidence adduced at trial, especially in view of plaintiff's allegation of wilful and wanton misconduct which we distinguish from malice, clearly presents a jury question in this case. In *McRoberts v. Maxwell* (1976), 40 Ill. App. 3d 766, 769, 353 N.E.2d 159, 160-61 we stated:

> "Wilful and wanton misconduct is an aggravated form of negligence. (Prosser, Law of Torts 184 (4th ed. 1971).) It has been defined as an act done with disregard to a risk so obvious that the actor must be taken to have been aware of it and so great as to make it highly probable that harm would follow. (Prosser, Law of Torts 185 (4th ed. 1971).) In *Hocking v. Rehnquist,* 44 Ill. 2d 196, 201, 254 N.E.2d 515, 518, wilful and wanton misconduct was defined as an act 'committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by the exercise of ordinary care.' "

Accordingly, we reverse the judgment entered on the verdict directed by the trial court.

■■■ In regard to the plaintiff's contention that the court erred in denying leave to amend the complaint, we note that section 46(3) of the Civil Practice Act provides that: "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just." (Ill. Rev. Stat. 1973, ch. 110, par. 46(3).) Although the allowance of an amendment rests largely in the discretion of the court (*Crane Paper Stock Co. v. Chicago & Northwestern Ry. Co.* (1976), 63 Ill. 2d 61, 69-70, 344 N.E.2d 461, 465), the amendment should be allowed if the amendment is germane to the proof. *Powers v. Sturm* (1973), 12 Ill. App. 3d 346, 350, 297 N.E.2d 628, 631.) Here, since there was evidence that Officer Warnick was an employee of the City of Decatur on October 27, 1974, the court should have granted leave to amend the complaint.

On remand, the plaintiff's complaint is to be reinstated and we direct the trial court to permit the plaintiff to amend her complaint in accordance with this opinion.

Reversed and remanded with directions.

CRAVEN, P. J., and HUNT, J., concur.