PFIZER GENETICS, INC., A CORPORATION, APPELLEE, V. WILLIAMS MANAGEMENT CO., APPELLANT.

281 N. W. 2d 536

Filed July 24, 1979. No. 42171.

Thomas H. DeLay of Mueting & DeLay, for appellant.

Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ., and COLWELL and VAN PELT, District Judges.

VAN PELT, District Judge.

This is an action by the plaintiff-appellee, Pfizer Genetics, Inc., against the defendant-appellant, Williams Management Co., to recover the contract price of seed corn sold by plaintiff to defendant. Defendant's cross-petition sought damages arising out of a breach of both express and implied warranties. The jury returned a verdict for plaintiff on both its petition and on defendant's cross-petition.

The defendant has appealed assigning as errors that the trial court erred (1) in overruling defendant's motion for a directed verdict on the issue of whether the disclaimers were part of the basis of the agreement of the parties, and (2) in refusing to give defendant's requested instructions Nos. 2 and 5.

On August 4, 1975, plaintiff and defendant entered into a written contract for the sale of seed corn at a specified price, received in evidence as exhibit 32, the purported second page of which contained disclaimers of warranty. The purchase included several different brands, including one known as Trojan TXS 111. Prior to August 4, 1975, plaintiff furnished defendant a booklet entitled "Trojan The Gold Book," a field test summary for 1975, and a field agronomy test result pamphlet. As a result of these documents, the defendant claims express warranties, as well as an implied warranty of fitness for the ordinary purpose for which the goods were to be used.

The seed was delivered during the latter part of December 1975. The reverse side of the shipping order and invoice set forth full disclaimers of any express and implied warranties. The seed bags themselves also contain such disclaimers.

The defendant planted the seed in the spring of 1976 in one of five adjoining quarter sections that it managed in Knox County. A portion of the same quarter and the other four adjoining quarters were planted to comparable hybrids. Whether the various

hybrids received similar farming practices is in dispute and is a fact question.

On July 31, 1976, the defendant noticed that the TXS 111 seed was developing without ears. The area so planted ultimately yielded an average of 60 bushels per acre, while another hybrid in the very same quarter section yielded 113 bushels per acre. Other hybrids in the adjoining quarters yielded from 145 to 168 bushels per acre. Defendant's expert testified that the low yield of TXS 111 was due to a low percentage of stalk-bearing ears and was not due to any difference in farming practices. On the other hand, Pfizer's expert testified that the low yield was due primarily to heat stress and insect damage.

The defendant contends it did not ever see or receive any disclaimers of warranty in August of 1975 and the disclaimers that it did receive on exhibit 6 and on the seed bags were delivered after the agreement was made and were therefore ineffectual. Thus, defendant contends an instruction on the law pertaining to subsequent disclaimers was essential to a proper presentation of its theory of the case to the jury. Defendant submitted the following as proposed instruction No. 5: "Where a sales transaction has been entered into on the basis of anterior warranties, any attempt to disclaim binding effect of such warranties upon or after delivery of the goods by means of language on invoice, receipt, or similar notice, is ineffectual unless buyer assents or is charged with knowledge of nonwarranty as to the transaction." This proposed instruction was refused by the trial court.

Plaintiff answers defendant's contention by claiming the original contract contained conditions of sale which abrogated or eliminated express or implied warranties. The admission into evidence of the second page of exhibit 32 which does set forth specific disclaimers of both express and implied warranties is critical to the resolution of this contro-

versy. Exhibit 32 is a photocopy of an invoice form, the first page of which was admittedly signed and seen by the defendant's president on August 4, 1975. However, the original of the second or reverse page apparently has been lost, and the form received in evidence at trial is a fabrication and copy of some other similar form. The foundational evidence in support of the second page of exhibit 32 does not meet any of the requirements for authentication of documents set forth in section 27-901 or 27-902, R. R. S. 1943. Under these circumstances, there was no foundation for the admission of page 2 of exhibit 32, the same should not have been received in evidence by the trial court over defendant's objection, and motion in limine, and defendant cannot be held to any disclaimers contained therein.

Since there was no competent evidence in the record of any disclaimer given by the plaintiff to the defendant as part of the basis of the original bargain in August of 1975, an instruction on the law pertaining to subsequent disclaimers such as that requested by the defendant in proposed instruction No. 5 was essential to the jury being instructed on defendant's theory of the case. A litigant is entitled to have the jury instructed as to his theory of the case as shown by the pleadings and evidence and a failure to do so is prejudicial error. Bodtke v. Bratten, 166 Neb. 36, 88 N. W. 2d 159.

Section 2-316, U. C. C., pertains to the exclusion or modification of warranties. The relevant portion provides that "to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no war-

ranties which extend beyond the description on the face hereof.' "

The statute is silent as to when the disclaimer must be made. The first comment following the above-quoted section states: "This section is designed principally to deal with those frequent clauses in sales contracts which seek to exclude 'all warranties, express or implied.' It seeks to protect a buyer from unexpected and unbargained language of disclaimer by denying effect to such language when inconsistent with language of express warranty and permitting the exclusion of implied warranties only by conspicuous language or other circumstances which protect the buyer from surprise."

Although this court has not specifically addressed the question, other jurisdictions have generally held that disclaimers or warranty made on or after delivery of the goods by means of an invoice, receipt, or similar note are ineffectual unless the buyer assents or is charged with knowledge as to the transaction. Christopher & Son v. Kansas Paint & Color Co., 215 Kan. 185, 523 P. 2d 709; Mack Trucks v. Jet Asphalt, et al., 246 Ark. 101, 437 S. W. 2d 459; Klein v. Asgrow Seed Company, 246 Cal. App. 2d 87, 54 Cal. Rptr. 609; Anderson, Uniform Commercial Code, Vol. 1, p. 695.

The above proposition of law is both an equitable and logical interpretation of the Uniform Commercial Code, and should be followed in this case. The plaintiff cites five cases in its brief as authority for a contrary rule. McCarty v. E. J. Korvette, Inc., 28 Md. App. 421, 347 A. 2d 253; Schroeder v. Fageol Motors, 86 Wash. 2d 256, 544 P. 2d 20; K-Lines, Inc. v. Roberts Motor Co., 273 Or. 242, 541 P. 2d 1378; Ebasco Services Inc. v. Pennsylvania Power & L. Co., 402 F. Supp. 421 (E. D. Pa., 1975); Ray Farmers Union Elevator Co. v. Weyrauch, 238 N. W. 2d 47 (N. D., 1975). These cases have been examined and none involve a disclaimer, limitation, or exclusion

of warranty subsequent to the original contract, on or after delivery of goods, as in the present case. Therefore, all of the above-cited cases are distinguishable and inapplicable.

Defendant also contends that the trial court erred in failing to give defendant's proposed instruction No. 2. That proposed instruction, which simply paraphrases portions of the Uniform Commercial Code, was given in substance by the trial court as part of paragraph I of instruction No. 7. Thus, the trial court properly refused to give defendant's requested instruction No. 2.

However, by refusing to give defendant's requested instruction No. 5 or one similar to it, the court did not instruct the jury on the defendant's theory of the case. Failure to do so was prejudicial error and the judgment dismissing defendant's cross-petition is reversed and the cause remanded accordingly.

REVERSED AND REMANDED.