GIDEON SERVICE DIVISION, a division of Gideon Engineering Corporation, Plaintiff-Appellant, *v.* DUNHAM-BUSH, INC., Defendant-Appellee.

First District (1st Division)   No. 79-743

Opinion filed January 21, 1980.

634

Richard G. Siegel, of Boehm & Weinstein, Chartered, of Chicago, for appellant.

Donald E. Egan and Lee Ann Watson, both of Katten, Muchin, Gitles, Zavis, Pearl & Galler, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff, Gideon Service Division, filed a complaint against defendant, Dunham-Bush, Inc., seeking damages under section 2—314(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 2—314(1)) for an alleged breach of an implied warranty for merchantability of a furnace component sold by defendant. Defendant filed a motion to dismiss based on its express disclaimer of an implied warranty of merchantability, and its motion was sustained. On appeal, plaintiff asserts

that an oral contract for the sale of goods cannot be modified unilaterally by defendant after defendant has already delivered the goods.

The complaint alleged that plaintiff was engaged in the business of maintaining and repairing heating systems and that defendant manufactured and sold furnaces. Plaintiff asserted that on August 25, 1977, it orally ordered a furnace unit from defendant; that plaintiff later installed the unit at a customer's business; that the unit failed to properly function despite plaintiff's repeated attempts to correct the malfunctions at a cost to plaintiff of $11,631.82; and that as a result of the defective unit defendant had breached its implied warranty of merchantability under the Uniform Commercial Code.

Defendant filed a motion to dismiss based on its claim that plaintiff had waived the aforesaid implied warranty. (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(i).) Defendant submitted a copy of its sales order purportedly sent to plaintiff about one month after the order was placed. On the back of the copy of the sales order in the tenth provision the following language appeared:

> "WARRANTY: We agree that the apparatus manufactured by the Seller will be free from defects in material and workmanship for a period of one year under normal use and service and when properly installed; and our obligation under this agreement is limited solely to repair or replacement at our option, at our factories, of any part of parts thereof, which shall, within one year from date of original installation or 18 months from date of shipment from factory to the original purchaser, whichever date may first occur, be returned to us with transportation charges prepaid, which our examination shall disclose to our satisfaction to have been defective. THIS AGREEMENT TO REPAIR OR REPLACE DEFECTIVE PARTS IS EXPRESSLY IN LIEU OF AND IS HEREBY IN DISCLAIMER OF ALL OTHER EXPRESS WARRANTIES, AND IS IN LIEU OF AND IN DISCLAIMER AND EXCLUSION OF ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, AS WELL AS ALL OTHER IMPLIED WAR-RANTIES, IN LAW OR EQUITY, AND OF ALL OTHER OB-LIGATIONS OR LIABILITIES ON OUR PART. THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THE DESCRIPTION HEREOF. * * *"

Based on this allegation the trial court granted defendant's motion to dismiss.

In a timely motion to vacate the dismissal order, plaintiff, through the affidavit of its division manager, averred that, after an examination of plaintiff's files, he believed that plaintiff never received a copy of the sales

order which contained the disclaimer of the implied warranty of merchantability. Further, plaintiff maintained that its oral contract with defendant on August 25, 1977, contained all the warranties relating to the sale. The trial court denied plaintiff's motion to vacate the dismissal order and this appeal follows.

Before reaching the merits of this case, we must briefly pass upon defendant's contention previously raised in its unsuccessful motion to dismiss the appeal. While the parties stipulated to the accuracy of the transcript on the hearing to vacate the dismissal order as part of the record on appeal, defendant notes there is no transcript or satisfactory substitute in lieu thereof for the hearing at which its motion to dismiss was allowed. Defendant suggests that the failure to include a report of proceedings for the latter hearing is significant because at that time the trial court purportedly gave an opportunity to plaintiff to file a counteraffidavit to defendant's dismissal motion. Defendant concludes this is important because it would demonstrate the fact that the trial court did not abuse its discretion when it denied plaintiff's motion to vacate the dismissal order.

■ 2 We do not find this argument compelling. Defendant's motion to dismiss was supported by an affidavit of its manager of customer services which recited that the sales order bearing the written disclaimer of the implied warranty of merchantability was transmitted to plaintiff on September 21, 1977, about one month after plaintiff orally ordered the unit, and it was defendant's custom to transmit the order to the purchaser at the time the goods were sent. Defendant's sales order also recited that the unit was to be shipped by September 16, 1977, but there was no averment that the conditions set forth in the sales order were discussed when plaintiff orally ordered the furnace unit. For purposes of this appeal, although plaintiff later disputed receiving the sales order containing the disclaimer, we shall accept defendant's affidavit as true (see *Commonwealth Edison Co. v. Property Tax Appeal Board* (1978), 67 Ill. App. 3d 428, 431, 384 N.E.2d 504) because, as we view the matter, the principal issue presented by plaintiff is whether that disclaimer was transmitted in time to plaintiff to justify dismissal of the action. In our opinion the question presented is whether the allegations in the motion to dismiss and supporting affidavit were sufficient, which does not require resort to the specific argument advanced at the motion to dismiss, and we reject defendant's contention.

Plaintiff asserts that defendant attempted to unilaterally alter the terms of their contract by introducing the written disclaimer provision heretofore set forth. Plaintiff primarily maintains that the disclaimer could not be made effective merely by sending the order form to it since the disclaimer amounts to a later material alteration of the August 25,

1977, oral contract; that the disclaimer in any event was sent too late; and that the disclaimer was not effectively brought to plaintiff's attention. In its reply brief plaintiff maintains that the crucial time is the determination of when the contract was formed.

Defendant maintains that plaintiff's oral order for the furnace unit was not necessarily tantamount to an oral contract. Defendant contends that it is uncontroverted its disclaimer of warranties was a condition of the sale as set forth in the sales order sent to plaintiff which constituted the entire contract. Defendant further asserts that its contract with plaintiff cannot be "entirely oral" since that would violate the statute of frauds contained in section 2—201 of the Uniform Commercial Code. Ill. Rev. Stat. 1977, ch. 26, par. 2—201(1).

■■ Initially, we reject defendant's reliance on the statute of frauds as a defense to this action. It is undisputed that plaintiff orally ordered furnace equipment from defendant in August 1977 and that the unit was shipped by defendant. A statute of frauds is designed to prevent perjury and fraud in enforcing parol contracts. (*Cooper v. Pedersen* (1961), 29 Ill. App. 2d 384, 388, 173 N.E.2d 549.) The conduct of the parties established the existence of a contract (Ill. Rev. Stat. 1977, ch. 26, par. 2—207(3)), and the purpose of the statute of frauds has been fulfilled in this instance because the only issue raised by defendant is whether its sales order containing the warranty disclaimer is valid.

■■ Section 2—314 of the Uniform Commercial Code creates an implied warranty of merchantability if the seller is a merchant with respect to those goods as obviously defendant is in the present case. This implied warranty may be disclaimed. (Ill. Rev. Stat. 1977, ch. 26, pars. 2—314 and 2—316.) However, these provisions do not indicate when the disclaimer of such warranty must be made.

■■ We conclude that the disclaimer cannot be applied to the present case upon the record presented. There is no assertion that any similar disclaimer was made at the time plaintiff ordered the furnace unit. Further, it is beyond argument that the written disclaimer obviously would be of substantial import to plaintiff's understanding of the rights and obligations it incurred when ordering the product.

The record suggests that the furnace unit was shipped by defendant either before or at the time the attempt was made to disclaim the implied warranty of merchantability. Further, there is no indication that plaintiff assented to the disclaimer terms or that it even knew of the conditions contained therein. It has been held that the seller's attempts to disclaim an implied warranty by means of a document submitted contemporaneously with delivery of the goods, such as an invoice or similar notice, as here, is insufficient. *Trane Co. v. Gilbert* (1968), 267 Cal. App. 2d 720, 73 Cal. Rptr. 279, 284; *Whitaker v. Farmhand, Inc.* (Mont. 1977), 567 P.2d 916,

638

921; *Pfizer Genetics, Inc. v. Williams Management Co.* (1979), 204 Neb. 151, 281 N.W.2d 536, 539.

In *Taterka v. Ford Motor Co.* (1978), 86 Wis. 2d 140, 271 N.W.2d 653, the court concluded that a disclaimer of an implied warranty could not be established by the seller after the sales contract occurred and at the time the goods were delivered. In so holding, the court noted that the same conclusion was reached in *Admiral Oasis Hotel Corp. v. Home Gas Industries, Inc.* (1965), 68 Ill. App. 2d 297, 306, 216 N.E.2d 282, which was a case applying Illinois law prior to the adoption of the Uniform Commercial Code. Examination of the requisite Code provisions does not mandate a differing conclusion to that reached in the *Admiral Oasis* case.

■■ We are of the opinion that defendant's motion was not sufficient to establish a timely attempt to disclaim the implied warranty of merchantability. In fact defendant's averments tend to establish the opposite conclusion. (See *Stockton v. Mendoza* (1977), 46 Ill. App. 3d 108, 110, 360 N.E.2d 561.) Therefore the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.