STATEWIDE INSURANCE COMPANY, Plaintiff-Appellant, v. BRENDAN CONSTRUCTION COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—90—1356

Opinion filed September 5, 1991.

---

*Justice White concurred with this opinion prior to his retirement.

Fuqua, Winter, Stiles & Anderson, Ltd., of Waukegan (William P. Anderson, of counsel), for appellant.

Sweeney & Riman, Ltd., of Chicago (Georgene M. Wilson, of counsel), for appellee St. Paul Fire and Marine Insurance Company.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Statewide Insurance Company (hereinafter Statewide), brought an action for a declaratory judgment which asked the trial court to determine whether it, or defendant St. Paul Fire and Marine Insurance Company (hereinafter St. Paul) had the duty to defend defendant Brendan Construction Company (hereinafter Brendan), in a wrongful death action brought against it by the personal representative of John Verdin, the deceased. St. Paul moved to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The court granted St. Paul's motion to dismiss. Plaintiff thereafter filed an amended complaint against St. Paul. In response to the amended complaint, St. Paul filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The trial court granted this motion and dismissed the amended complaint.

The following issues are before this court for review: (1) whether John Verdin was an employee of Brendan; (2) whether plaintiff has a duty to defend and indemnify Brendan in a wrongful death action; and (3) whether St. Paul has a duty to defend and indemnify Brendan in a wrongful death action.

We affirm.

Statewide issued a general liability insurance policy to Brendan which covered accidental bodily injuries. The policy contained an amendatory endorsement which made the following exclusionary provisions:

"This insurance does not apply:

(i) to bodily injury to any employee of the insured arising out of or in the course of his employment by the insured for which the insured may be held liable as an employer or in any other capacity;

(ii) to any obligation of the insured to indemnify or contribute with another because of damages arising out of the bodily injury; or

(iii) to bodily injury sustained by the spouse, child, parent, brother, or sister of an employee of the insured as a consequence of bodily injury to such employee arising out of and in the course of his employment by the insured.

This exclusion applies to all claims and suits by any person or organization for damages because of such bodily injury including damages for care and loss of services.

This exclusion does not apply to liability assumed by the insured under an incidental contract."

The insurance policy also contained the following exclusions from coverage:

"(i) [T]o any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law;

(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract."

In 1987, Brendan was the general contractor for the renovation and repair of a residence located at 1427 North Astor Street in Chicago, Illinois. In order to complete the job, Brendan subcontracted the electrical work to Young's Electric Company (hereinafter Young's). John Verdin was employed by Young's. On August 21, 1987, John Verdin fell to his death at the Astor Street site while he was Young's agent. Young's did not carry any workers' compensation insurance.

Brendan became the "statutory employer" of John Verdin, since Young's was uninsured, and Brendan was obligated to pay the workers' compensation benefits to Verdin's widow pursuant to section 1(a)(3) of the Workers' Compensation Act (hereinafter the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1(a)(3)). Defendant St. Paul was the carrier for Brendan's workers' compensation insurance. St. Paul paid the workers' compensation benefits.

John Verdin's estate later filed a wrongful death complaint against Brendan in the circuit court of Cook County. The complaint alleged that Brendan was negligent. The defense of this action on behalf of Brendan was tendered to Statewide, Brendan's general liability insurer. Statewide is defending Brendan pursuant to a reservation of rights.

Statewide then filed an action for a declaratory judgment against Brendan and St. Paul, contending that St. Paul, and not Statewide, owed Brendan coverage and a defense to the wrongful death action. St. Paul filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) The trial court dismissed the complaint. Statewide then sought and was granted leave to amend its complaint. St. Paul then moved to dismiss the amended complaint pursuant to section 2—615 of the Code of

Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) On April 17, 1990, the trial court entered an order granting St. Paul's motion. This appeal followed.

First, plaintiff alleges that the trial court erred when it dismissed its amended complaint because the complaint properly alleged that Brendan was John Verdin's employer at the time of his death.

Defendant maintains that plaintiff's complaint was properly dismissed because the payment of workers' compensation benefits pursuant to section 1(a)(3) of the Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1(a)(3)) did not make Brendan John Verdin's employer.

Section 1(a)(3) of the Act makes the following relevant provision:

> "Any one engaging in any business or enterprise referred to in subsections 1 and 2 of Section 3 of this Act who undertakes to do any work enumerated therein, is liable to pay compensation to his own immediate employees in accordance with the provisions of this Act, and in addition thereto if he directly or indirectly engages any contractor whether principal or sub-contractor to do any such work, he is liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor has insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this Act, or guaranteed his liability to pay such compensation." Ill. Rev. Stat. 1987, ch. 48, par. 138.1(a)(3).

The Illinois Supreme Court has ruled that "the purpose of the Workmen's Compensation Act is to afford employees financial protection when their earning power is temporarily diminished or terminated due to employment injuries. It was the obvious intent of the legislature in enacting section 1(a)(3) to ensure this purpose was carried out when the employer-subcontractor cannot fulfill this obligation." *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 446.

■ This court enunciated the following criteria for determining when someone is an employee in *State Farm Mutual Automobile Insurance Co. v. Staff* (1975), 26 Ill. App. 3d 217, 221:

> " '[T]he right to control the manner of doing the work is probably the most important single consideration in determining whether the relationship is that of an employee or an independent contractor. [Citations.] Other factors, such as whether compensation is on a time basis or by the job, the right to discharge, and the furnishing of materials, equipment or tools, are all to be taken into consideration.' " *State Farm Mutual Auto-*

*mobile Insurance Co.*, 26 Ill. App. 3d at 221, quoting *O'Brien v. Industrial Comm'n* (1971), 48 Ill. 2d 304, 307.

■ We find that Brendan and the decedent did not have an employer-employee relationship. The record shows that Brendan had no right to control the manner and method of Verdin's work, Brendan had no right to discharge Verdin, Brendan did not pay Verdin, and Brendan did not provide Verdin with his materials or equipment. See *State Farm Mutual Automobile Insurance Co.*, 26 Ill. App. 3d at 221, citing *O'Brien*, 48 Ill. 2d at 307.

■ In addition, we find that the Act differentiates between employees of the general contractor and employees of the subcontractor. Section 1(a)(3) of the Act provides that an employer covered by the Act "is liable to pay compensation to *his own immediate employees* \* \* \*, and in addition thereto if he *directly or indirectly engages any contractor whether principal or sub-contractor* to do any such work, he is liable to pay compensation to the *employees of any such contractor or sub-contractor* unless such contractor or sub-contractor has insured \* \* \* or guaranteed his liability to pay such compensation." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1(a)(3).) The Act does not convert an uninsured subcontractor's employees into employees of the general contractor.

■ Moreover, the supreme court has recognized that the subcontractor, and not the general contractor, is the injured worker's employer. The argument that a general contractor may become the employer of an injured worker employed by a subcontractor was rejected by our supreme court in *Laffoon v. Bell & Zollar Coal Co.* (1976), 65 Ill. 2d 437, a case with facts similar to the facts in the case at bar. In *Laffoon* an employee of an uninsured subcontractor was injured. The general contractor paid workers' compensation benefits pursuant to section 1(a)(3) of the Act. The injured workman then sued the general contractor, alleging that the general contractor was negligent. The general contractor moved to dismiss the plaintiff's complaint asserting the exclusive remedy defense in section 5(a) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a)). (*Laffoon*, 65 Ill. 2d at 441.) The trial court dismissed the complaint, and the injured worker appealed. Our supreme court reversed the trial court and held that the general contractor was not entitled to assert the exclusive remedy defense. (*Laffoon*, 65 Ill. 2d at 445-46.) In effect, the supreme court mandated that the general contractor does not become the injured worker's employer by virtue of the payment of compensation benefits pursuant to section 1(a)(3) of the Act. Accordingly, we rule that the trial court properly dismissed the complaint in this case.

Plaintiff next alleges that it does not have a duty to defend and indemnify Brendan, because Brendan's insurance policy with it expressly excluded coverage for claims made by employees and those who could make workers' compensation claims against Brendan, and because the decedent was a person for whom coverage is properly excluded pursuant to exclusion (i) of the policy and the amendatory endorsement. Plaintiff further contends that St. Paul has a duty to defend and indemnify Brendan from the negligence claim because Brendan is covered by St. Paul's workers' compensation and employer's liability insurance policy. In light of our finding above, we do not reach these issues. The trial court properly dismissed the complaint.

For the aforementioned reasons, we affirm the judgment of the trial court.

Affirmed.

JIGANTI, P.J., and McMORROW, J., concur.